# IN THE SUPREME COURT OF TEXAS

═══════════
No. 10-0933
═══════════

IN RE TOYOTA MOTOR SALES, U.S.A., INC. AND VISCOUNT PROPERTIES II, L.P., D/B/A HOY FOX TOYOTA/LEXUS, RELATORS

═══════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════════

JUSTICE LEHRMANN, joined by JUSTICE DEVINE, concurring.

"The right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15. The importance of protecting that right was the underpinning of the Court's recent holding that mandamus relief is appropriate when a trial court fails to explain with reasonable specificity the reasons it has set aside a jury verdict and granted a new trial. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009). Today the Court takes another step along that path by authorizing appellate courts to conduct merits-based review of such new-trial orders. *See* ___ S.W.3d at ___. It is essential to remember in conducting this review, however, that the trial court's authority to grant a new trial "'is not in derogation of the right of trial by jury but is one of the historic safeguards of that right.'" *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996) (quoting *Aetna Cas. & Sur. Co. v. Yeatts*, 122 F.2d 350, 353 (4th Cir. 1941)). I thus concur in the Court's opinion, but write separately to emphasize the significant discretion trial courts are, and must continue to be, afforded in determining whether good cause exists to grant a new trial following a jury verdict.

The specific issue presented in *Columbia* was a narrow one: "whether trial courts must give more explanation than 'in the interest of justice' for setting aside a jury verdict." 290 S.W.3d at 206. In affirmatively answering that question and conditionally granting mandamus relief to require such specificity, we recognized the significant departure from our longstanding mandamus jurisprudence, which had to that point "approved the practice of trial courts failing to specify reasons for setting aside jury verdicts" and "preclude[d], for the most part, appellate review of orders granting new trials." *Id.* at 208 (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985), and *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005)). Both *Columbia* and our subsequent opinion in *In re United Scaffolding, Inc.*, 377 S.W.3d 685 (Tex. 2012), focused on transparency in the context of setting aside jury verdicts, noting the importance of ensuring that trial courts do not impermissibly substitute their judgment for that of the jury. *Id.* at 688; *Columbia*, 290 S.W.3d at 214. This concern, however, is not present with respect to new-trial orders that do not set aside a jury verdict, such as orders issued after a bench trial or setting aside a default judgment. Accordingly, in my view, the *Columbia* line of cases does not apply to such orders.

Having required trial courts to "provide[] a cogent and reasonably specific explanation of the reasoning" for new trial orders, *United Scaffolding*, 377 S.W.3d at 688, the Court now concludes that, for the sake of averting "[t]ransparency without accountability," such reasoning cannot be "immune from substantive review." ___ S.W.3d at ___. Engaging in that review, the Court further holds that "the record squarely conflicts with the trial judge's expressed reasons for granting new trial" and that the court therefore abused its discretion in doing so. *Id.* at ___.

I agree that, in this case, determining whether the order granting a new trial was an abuse of discretion is "relatively straightforward." *Id.* at ___. It is undisputed that, notwithstanding the trial court's order *in limine* precluding the introduction of Officer Coon's deposition testimony regarding King's seatbelt usage, the testimony was disclosed to the jury twice without objection, the first time inadvertently by the Kings' attorney (who did not request that the jury be instructed to disregard the statement or otherwise clarify the mistake when pointed out by Toyota's counsel), and the second time by one of Toyota's expert witnesses on direct examination. Notably, neither the Kings' motion for new trial nor the order granting it referenced the introduction of that testimony as a basis for the order. Instead, both the motion and order focused solely on Toyota's counsel's referencing the testimony during his closing argument, and the order clarified the trial court's conclusion that Toyota's counsel "purported to present evidence outside the record, and commented on matters in violation of [the trial c]ourt's order in limine." The trial transcript dispositively reveals, however, that the complained-of and unobjected-to evidence discussed by Toyota's counsel during closing argument was *not* outside the record and thus was not improper. *See Tex. Sand Co. v. Shield*, 381 S.W.2d 48, 57–58 (Tex. 1964) ("Counsel may properly discuss the reasonableness or unreasonableness of the evidence and its probative effect or lack of probative effect; but such latitude extends only to the facts and issues raised by the evidence admitted under the ruling of the Court.").

But while review of a cold record appears to be exactly what was needed in this case to evaluate the substantive merit of the new-trial order, that limitation frequently places appellate courts at a disadvantage in evaluating whether there is good cause to grant a new trial. *See United Scaffolding*, 377 S.W.3d at 688. As we recognized in *Columbia*, "there are differences between the

3

review that can be accomplished by appellate judges who have only the record to consider and trial judges who have seen the parties and witnesses and sensed the [e]ffect of certain evidence or occurrences on the trial." 290 S.W.3d at 211; *see also United Scaffolding*, 377 S.W.3d at 688 (noting that "the trial judge may have observed irregularities not wholly apparent in a cold record"); *Jennings v. Jones*, 587 F.3d 430, 437 (1st Cir. 2009) ("[Appellate courts], reading the dry pages of the record, do not experience the tenor of the testimony at trial. The balance of proof is often close and may hinge on personal evaluations of witness demeanor.'" (quoting *United States v. Alston*, 974 F.2d 1206, 1212 (9th Cir. 1992))). The trial court, for example, may conclude, based on observations of the jurors' reactions, that they were particularly influenced by improperly admitted evidence or by attorney misconduct and that such error unfairly affected the verdict. Or the trial court may observe jurors being significantly distracted during the presentation of crucial evidence in the case and discern a prejudicial effect on the verdict. And in the context of new-trial orders based on evidentiary insufficiency, we recognized in *United Scaffolding* that trial courts need not furnish the same level of detail in explaining their decisions that courts of appeals must provide.[1] 377 S.W.3d at 688. This is because the concerns that exist as to whether the "court of appeals ha[s] 'considered and weighed all the evidence before arriving at a decision of insufficiency'" are not present with respect to the trial court, which "has, in most instances, been present and a participant in the entire trial." *Id.* (quoting *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)).

---

[1] This ground for a new trial raises yet another wrinkle, as this Court lacks jurisdiction to conduct factual sufficiency reviews. *See* TEX. GOV'T CODE § 22.001(a); *see also Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 619–20 (Tex. 2004) (distinguishing between legal sufficiency and factual sufficiency reviews).

4

These examples illustrate that determining whether a trial court abused its discretion in granting a motion for new trial after a jury verdict will rarely be as cut-and-dry as confirming that evidence or testimony referenced during a closing argument is or is not in the record. Often, the trial court's presence and observations throughout the trial will be indispensable in evaluating whether the requisite good cause exists to justify setting aside a jury verdict and granting a new trial. *See Columbia*, 290 S.W.3d at 212 ("We do not retreat from the position that trial courts have significant discretion in granting new trials."). Recognizing the need to defer to trial courts with respect to such determinations is crucial to ensuring that parties receive a fair trial.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** August 30, 2013