

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00666-CV

**IN RE** Dean **DAVENPORT**, Dillon Water Resources, Ltd., 5D Drilling and Pump Service, Inc. f/k/a Davenport Drilling & Pump Service, Inc., 5D Water Resources, LLC f/k/a Davenport Oper., LLC, Water Exploration Co., Ltd., WAD, Inc., Water Investment Leasing Company, LLC, Blue Gold Resources Management, LLC, Blue Gold Properties, LLC and Blue Gold Development, LLC

Original Mandamus Proceeding[1]

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  March 11, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On September 23, 2014, relators filed this petition for writ of mandamus complaining of the trial court's order setting aside the judgment rendered on a jury's verdict and granting a new trial in the underlying breach of contract dispute between attorneys and their former clients. Because we conclude the trial court's order is insufficient to meet the standards articulated by the Texas Supreme Court for orders granting a new trial after a jury verdict, we conditionally grant

---

[1] This proceeding arises out of Cause No. 2012-CI-03086, styled *Tom Hall, Thomas C. Hall, P.C. as Successor in Interest to Hall & Bates, L.L.P., Blake Dietzmann, Tim Patton and Timothy Patton, P.C. v. Dillon Water Resources, Ltd., 5D Drilling and Pump Service, Inc. f/k/a Davenport Drilling & Pump Service, Inc., 5D Water Resources, LLC f/k/a Davenport Oper., LLC, Dean Davenport, WAD, Inc., Water Exploration Co., Ltd., Water Investment Leasing Company, LLC, Blue Gold Resources Management, LLC, Blue Gold Properties, LLC and Blue Gold Development, LLC*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter A. Sakai presiding.

the petition for writ of mandamus in part and deny it in part. *See In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688-89 (Tex. 2012) (orig. proceeding).

## FACTUAL AND PROCEDURAL BACKGROUND

Tom Hall, Blake Dietzmann, Tim Patton, and their respective law firms (collectively "the Attorneys") sued Dean Davenport, Dillon Water Resources, Ltd., and several related entities (collectively "Davenport") in 2012 alleging, among other things, that the former clients had breached a contingency fee agreement which the attorneys claimed entitled them to ownership interests in Water Exploration Co., Ltd. ("WECO") and WAD, Inc., two water exploration companies.

WECO was formed as a limited partnership in 1999 by Dean Davenport, James Allen and Mark Wynne, with each partner owning a 33% interest. The remaining 1% interest was owned by WAD, Inc., a general partnership involving all three partners. Davenport hired Hall, Dietzmann, and Patton in 2008 to bring claims against Allen and Wynne for allegedly attempting to convert Davenport's interests in WECO, limiting his involvement in the company. In January 2009, a jury found that Allen and Wynne had converted Davenport's interest in WECO, and valued the interest at the time and place of conversion at $70 million.

In April 2009, Davenport entered into a post-verdict settlement agreement with Allen under which Davenport acquired all of Allen's interest in WECO and WAD in exchange for a take-nothing judgment as to Davenport's claims against Allen. In August 2010, Davenport entered into a separate settlement agreement with Wynne under which Davenport similarly acquired all of Wynne's interest in WECO and WAD. As a result of these two agreements, Davenport became the sole owner of WECO and WAD.

The Attorneys filed suit in 2012 alleging, in relevant part, that Davenport breached their contingent fee agreement by failing to transfer ownership interests in WECO and WAD to the

Attorneys after Davenport had purchased or acquired the interests from Allen and Wynne as part of the settlement of the underlying suit for conversion.

The trial court in the fee dispute litigation declined to find the parties' contingent fee agreement unambiguous and to construe it as a matter of law. Accordingly, the jury was asked in Question 1 to interpret the following language contained in the contingent fee agreement:

> Client agrees to sell, transfer, assign and convey to HALL & BATES, L.L.P. AND BLAKE DIETZMANN an undivided interest in the above claim to be calculated as follows:
> Forty percent (40%) of the gross amount recovered
> Except that Attorneys will not take a fee out of the ownership of 5D Water Resources and Dillon Water Services
> Any recovery of Attorney's fees that have been incurred as of the date of this contract shall be on a contingency of 25%
> By "GROSS AMOUNT" is meant the total sums recovered.

The jury was asked to decide whether this language entitled the Attorneys to an interest in WECO and WAD in addition to a percentage of any cash Davenport recovered in his suit against Allen and Wynne. The jury answered "no" to Question 1. The jury also found, in response to other questions in its charge, that Davenport had failed to reimburse all of the Attorneys' expenses as agreed; the Attorneys were estopped from seeking any ownership interest in WECO; and the Attorneys had waived their right, if any, to seek an ownership interest in WECO. The Attorneys filed a motion for judgment notwithstanding the jury's verdict, which was denied, and the trial court rendered judgment on the verdict.

The Attorneys then filed a motion for new trial on three grounds: (1) the fee agreement is unambiguous and should have been construed by the court as a matter of law, rather than by the jury; (2) the jury's findings of estoppel and waiver are against the great weight and preponderance of the evidence; and (3) the defendants must be afforded an opportunity to present an unconscionability defense to the unambiguous agreement that entitles the Attorneys to an interest

in the companies. The motion for new trial was overruled by operation of law and both sides filed notices of appeal.[2]

Before the end of its plenary power, the trial court signed an order vacating the judgment in its entirety, and granting the Attorneys' motion for new trial. Davenport filed this mandamus proceeding seeking an order directing the trial court to withdraw its order granting a new trial and reinstate the judgment on the jury's verdict.

## ANALYSIS

Mandamus relief is an extraordinary remedy and will issue only to correct a clear abuse of discretion when the relator has no other adequate remedy by appeal. *See In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

Rule 320 of the Texas Rules of Civil Procedure gives the trial court broad discretion to grant a new trial "for good cause, on motion or on the court's own motion." TEX. R. CIV. P. 320. This discretion, however, is not without limits and does not, "permit a trial judge to substitute his or her own views for that of the jury without a valid basis." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 212 (Tex. 2009) (orig. proceeding). The trial court must provide an understandable, reasonably specific explanation of its reasons for setting aside a jury verdict. *Id*. at 213; *In re C.R.S.*, 310 S.W.3d 897, 898 (Tex. App.—San Antonio 2010, orig. proceeding).

---

[2] Appeal No. 04-14-00581-CV, styled *Davenport, et al. v. Hall, et al.*, remains pending in this court.

A trial court does not abuse its discretion so long as its stated reasons for granting a new trial are both legally appropriate and specific enough to indicate that the trial court derived its articulated reasons from the particular facts and circumstances present in the case. *United Scaffolding*, 377 S.W.3d at 688-89. If the trial court's articulated reasons are facially valid, an appellate court may conduct a merits-based review of the reasons on mandamus. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 755-59 (Tex. 2013) (orig. proceeding). If the articulated and reasonably specific reasons are not supported by the law and the record, mandamus relief is appropriate. *Id.* at 761.

As an initial matter, we must determine whether the trial court's order meets the threshold requirements established in *United Scaffolding*. *United Scaffolding*, 377 S.W.3d at 688-89.

The order granting new trial in the fee dispute case states:

(1) Looking at the parties' Contract of Employment and Power of Attorney (the "Contract") as a whole, in light of the circumstances present when the parties entered into the contract, the Court finds the Contract is unambiguous.

(2) The Court notes with great deference the answer of the jury in regards to Question 1 wherein the jury answered negatively to the issue of whether the Defendants agreed that Plaintiffs' attorney fees could include an ownership interest in Defendant's corporations. Notwithstanding the answer to Question 1, the Court takes note of the jury's answers [to the remaining questions].

After merely reciting the jury's remaining answers and findings, the new trial order goes on to state:

Therefore, the Court does not make a specific finding that any of the jury answers or findings, in themselves, justifies the granting of the new trial, but rather the Court finds that the Court findings, as stated herein, the admissible testimony of the trial and the jury's answers be taken, in totality, in determining that the verdict is against the great weight and preponderance of the admissible evidence.

The trial court's post-verdict finding that "the Contract is unambiguous" does not, by itself, provide an adequate explanation of the trial court's reasoning for granting a new trial. *See, e.g., Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997) (jury finding is immaterial if the question

should not have been submitted); *see also Hall v. Hubco, Inc.*, 292 S.W.3d 22, 27 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (trial court may disregard finding on an immaterial jury question without a motion).

While the trial court's second stated reason, the finding that the jury's answers are against the great weight and preponderance of the admissible evidence, is a legally sound reason for granting a new trial, that statement alone is not specific enough to indicate that the trial court based its determination on the particular facts and evidence in this case. *United Scaffolding*, 377 S.W.3d at 688-89. The Texas Supreme Court has directed:

> [M]andamus may lie if the order, though rubber-stamped with a valid new-trial rationale, provides little or no insight into the judge's reasoning. Usually, the mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice. The order must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings. A trial court abuses its discretion if its new-trial order provides no more than a pro forma template rather than the trial judge's analysis.

*Id*. at 689.

While the new trial order in this instance provides a general rationale for the court's decision, it does not discuss any evidence, reference any specific facts, or explain how any particular set of facts, evidence or testimony undermines the jury's specific findings, thus warranting a new trial. *See United Scaffolding*, 377 S.W.3d at 689. A new trial order must "elaborate, with reference to the evidence adduced at trial, how the jury's answers are contrary to the great weight and preponderance of the evidence." *Id*. Given the requirements outlined by the Texas Supreme Court, the trial court's stated reasons for granting a new trial in this instance are not sufficiently specific, and thus the order granting a new trial constitutes an abuse of the trial court's discretion. *See Columbia Med. Ctr.*, 290 S.W.3d at 212-13.

**CONCLUSION**

Davenport requests that this court issue a writ of mandamus directing the trial court to vacate the new trial order and reinstate the judgment entered on the jury's verdict. However, an order directing the trial court to enter judgment on the verdict is not appropriate where the trial court does not adequately state its reasons for granting the new trial. *See, e.g., United Scaffolding*, 377 S.W.3d at 690 (trial court not required to enter judgment on the verdict where trial court's reasoning for new trial is unclear); *Columbia Med. Ctr.*, 290 S.W.3d at 214 (declining to order judgment on the verdict where trial court had not stated grounds for new trial); *see also In re City of Houston*, 418 S.W.3d 388, 397-98 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (ordering judgment on verdict where merits review revealed invalid reasons for new trial). Therefore, we deny mandamus relief to the extent that Davenport seeks an order directing reinstatement of judgment on the verdict at this time. Because we conclude that the new trial order is insufficient to meet the standards articulated by the Texas Supreme Court for orders granting a new trial after a jury verdict, we conditionally grant mandamus relief and direct the trial court to vacate its new trial order and issue a new order, specifying its reasons for disregarding the jury verdict and entering a new trial order in compliance with *United Scaffolding*. *See United Scaffolding*, 377 S.W.3d at 689. The writ will only issue if we are advised the trial court has failed to comply with this court's order.

Rebeca C. Martinez, Justice