

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00243-CV

IN RE 3 ATOMS, LLC AND FUN SPOT MANUFACTURING, LLC, RELATORS

ORIGINAL PROCEEDING

August 14, 2019

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Relators 3 Atoms, LLC and Fun Spot Manufacturing, LLC, seek a writ of mandamus compelling respondent, the Honorable Ruben G. Reyes, Judge of the 72nd District Court of Lubbock County, to vacate his order granting a new trial for real party in interest, Billy Gonzales, as next friend of Aidan Zachary Gonzales, a minor. We will conditionally grant mandamus relief.

## Background

Gonzales brought the underlying lawsuit for personal injuries Aidan sustained at Altitude Trampoline Park in Lubbock. Prior to trial, Gonzales settled with other defendants for the stipulated sum of $960,991.78.

The case against relators then proceeded to trial by jury. After three days of testimony, the jury returned a 10-2 verdict that apportioned relators' fault at 15% and awarded Gonzales $500,000 for past damages and $0 for future non-economic damages, including disfigurement. Because the amount of the settlement credit exceeded the amount awarded, the trial court rendered judgment that Gonzales take nothing.

In a motion for new trial, Gonzales argued the "jury's award of zero damages for [Aidan's] future disfigurement, mental anguish, physical impairment, and physical pain was too small, and was against the great weight and preponderance of evidence so as to be manifestly unjust, shock the conscience, or clearly demonstrate bias." Relators responded, Gonzales filed a reply, and the trial court conducted a hearing on the motion. Thereafter, the trial court signed an order granting Gonzales's motion and ordering a new trial. Its sole expressed rationale was the jury's failure to award an amount of money for future disfigurement. This original proceeding followed.

Analysis

In their first issue, relators argue the trial court clearly abused its discretion by granting a new trial.

To obtain relief by mandamus the relator must demonstrate (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal. *In re Reece,* 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *see In re Bent,* 487 S.W.3d 170, 177-78 (Tex. 2016) (orig. proceeding) (even when appeals court conducts a merits-based review of a trial court's rationale for ordering a new trial, the "abuse-of-discretion standard that is familiar and inherent-to-mandamus proceedings" applies). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and

2

unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (internal quotation marks omitted) (citing *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding)). If the trial court abuses its discretion in granting a motion for new trial, there is no adequate remedy by appeal and the petitioner is entitled to mandamus relief. *In re D.C.P. Operating Co.,* 07-18-00416-CV, 2019 Tex. App. LEXIS 3441, at *4 (Tex. App.—Amarillo Apr. 29, 2019, orig. proceeding) (mem. op.) (citing *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.,* 290 S.W.3d 204, 209-10 (Tex. 2009) (orig. proceeding)).

Trial courts historically have been afforded broad discretion to grant a new trial, but that discretion is not "limitless." *In re Columbia,* 290 S.W.3d at 210, 213; *see* TEX. CONST. ART. 1, § 15 (right to trial by jury "shall remain inviolate"). "Our rules of civil procedure vest trial courts with broad authority to order new trials 'for good cause' and 'when the damages are manifestly too small or too large.'" *In re Bent,* 487 S.W.3d at 175 (citing TEX. R. CIV. P. 320). But a trial court may not substitute its judgment for that of the jury in granting a new trial. *In re Orren,* 533 S.W.3d 926, 929 (Tex. App.—Tyler 2017, orig. proceeding).

A trial court granting a new trial following a jury trial must provide the litigants with "an understandable, reasonably specific explanation" for doing so. *In re Bent,* 487 S.W.3d at 172-73 (citing *In re Columbia,* 290 S.W.3d at 213). Generally a trial court satisfies the requirement when its stated reason for granting the new trial is "a reason for which a new trial is legally appropriate" and "is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the

particular facts and circumstances of the case at hand." *In re United Scaffolding, Inc.,* 377 S.W.3d 685, 688-89 (Tex. 2012) (orig. proceeding); *In re Bent,* 487 S.W.3d at 173; *In re D.C.P. Operating Co.,* 2019 Tex. App. LEXIS 3441, at *4.

In relevant part, the new-trial order in the present case states:

[Gonzales] presented uncontroverted evidence establishing that [Aidan] had a large scar on the side of his head due to a surgical incision from a craniotomy that was required after he flipped into a foam pit at Altitude Trampoline Park in Lubbock, Texas and suffered a cracked skull. [Gonzales] presented evidence that [Aidan's] scar would exist after the time of trial and that the scar affected him and bothered him. This evidence was not disputed.

[Aidan's] scar is a permanent injury for which a jury could only compensate under disfigurement. Since the uncontroverted evidence established that [Aidan] would have a permanent scar that continues to affect and bother him, a jury's finding that [Aidan] will suffer no disfigurement in the future is against the overwhelming, great weight and preponderance of the evidence so as to be manifestly unjust. The jury's award of $0.00 for the element of damage for future disfigurement is inadequate.

*In re United Scaffolding* declined to impose on trial courts the obligation to detail the evidence relevant to an issue under consideration in the manner required of a court of appeals that reverses a judgment for factual insufficiency. *In re United Scaffolding,* 377 S.W.3d at 687 (citing *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex. 1986)). But in its new-trial order the trial court must point to the evidence that played a pivotal role in its decision to grant a new trial. *In re Bent,* 487 S.W.3d at 176. "[M]ere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." *Id.* (citing *In re United Scaffolding,* 377 S.W.3d at 689). "To be facially valid, a new-trial order based on a factual-sufficiency review 'must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the

4

jury's findings.'" *In re Bent,* 487 S.W.3d at 176 (quoting *In re United Scaffolding,* 377 S.W.3d at 689).

If an appellate court finds a new-trial order is satisfactory on its face, the court may "conduct a merits review of the bases for a new trial order" and grant mandamus relief "[i]f the record does not support the trial court's rationale for ordering a new trial*." In re Bent,* 487 S.W.3d at 173 (citing *In re Toyota Motor Sales, U.S.A., Inc.,* 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding)). Because we find the trial court's order in this case does not meet the facial requirements, however, we do not reach a merits-based review of its stated grounds for the grant of a new trial.[1]

The San Antonio Court of Appeals recently found facially invalid a new-trial order that gave as its reason "the jury's answer of zero damages for past physical pain is against the great weight and preponderance of the evidence and is manifestly unjust based on the undisputed evidence introduced at trial." *In re Sanchez,* No. 04-18-00530-CV, 2018 Tex. App. LEXIS 8217, at *2 (Tex. App.—San Antonio Oct. 10, 2018, orig. proceeding) (mem. op.). Quoting the Texas Supreme Court's instructions to the trial court in *In re United Scaffolding,* 377 S.W.3d at 690, the court said a new-trial order "must 'elaborate, with reference to the evidence adduced at trial, how the jury's answers are contrary to the great weight and preponderance of the evidence.'" *In re Sanchez,* 2018 Tex. App. LEXIS 8217, at *6. Noting the trial court had said in its order only that the evidence was "undisputed," it concluded the order was facially invalid because it failed to "discuss any evidence, reference any specific facts, or explain how any particular set of facts,

---

[1] For that reason, we also do not consider the issue addressed in *In re Athans,* 458 S.W.3d 675 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding), regarding the necessity for presentation of the complete record of trial in a merits-review mandamus proceeding questioning the grant of new trial on factual sufficiency grounds.

evidence, or testimony undermine[d] the jury's specific findings, thus warranting a new trial." *Id.* We find the same is true of the order before us. The order's mere statements that Aidan has a "large" surgical scar on the side of his head that "continues to affect and bother him" do not explain how the jury's zero-damages answer regarding future disfigurement is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *See, e.g., Diamond Offshore Servs., Ltd. v. Williams*, 510 S.W.3d 57, 75 (Tex. App.—Houston [1st Dist.] 2015), *rev'd on other grounds*, 542 S.W.3d 539 (Tex. 2018) (citations omitted) (there is no "mathematical yardstick" by which one can measure future disfigurement damages).

The jury was asked to determine the damages for disfigurement "that, in reasonable probability, [Aidan] will sustain in the future." The court's new-trial order has neither pointed to the evidence that played a pivotal role in its decision to grant a new trial, *In re Bent,* 487 S.W.3d at 176, nor explained how the evidence recited in the order, under Texas law applicable to future disfigurement damages, undermines the jury's zero-dollars answer. *See id.*; *In re Orren,* 533 S.W.3d at 929-31 (finding order granting new trial facially invalid in part because its expressed rationale that jury was required to award at least some non-economic damages for claimed elements was contrary to Texas law). *See also In re Ramos,* No. 13-19-00039-CV, 2019 Tex. App. LEXIS 3506, at *8 (Tex. App.—Corpus Christi May 1, 2019, orig. proceeding) (mem. op.) (finding facially inadequate trial court's expressed rationale for granting new trial); *In re Esters,* No. 12-17-00122-CV, 2017 Tex. App. LEXIS 9738, at *10-11 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.) (finding new-trial order facially invalid because, *inter alia*, although it recited evidence, indicating trial court considered facts and circumstances of case, order failed to connect evidence with an explanation why the damage findings were

6

manifestly too small or contrary to the overwhelming weight and preponderance of the evidence) (citing *In re United Scaffolding,* 377 S.W.3d at 689).

In their second issue, relators ask, for purposes of judicial economy, we "hold" that "no grounds support the granting of [a] new trial." The trial court did not address other grounds for granting a new trial in its order; we do not evaluate the trial court's exercise of discretion with respect to grounds it did not address. Relators' second issue is overruled.

## Conclusion

We find the trial court abused its discretion by granting Gonzales a new trial and that relators have no adequate remedy by appeal. *See In re Columbia,* 290 S.W.3d at 209-10 (explaining inadequacy of appellate remedy following grant of new trial absent mandamus review). We conditionally grant relator's petition for writ of mandamus and direct the trial court to vacate its May 31, 2019 order granting a new trial. We are confident the trial court will comply, and our writ will issue only if the trial court does not comply within fifteen days of this opinion and judgment.[2]

Per Curiam

---

[2] Chief Justice Quinn neither joins with nor dissents from the majority's opinion. Instead, he would first afford the trial court a brief temporal opportunity to modify the order in question to include therein data and explanation, if any, sufficient to comport with the legal authorities mentioned in the majority's opinion. In his view, such would be the more expedient means of determining whether new trial was appropriate under the circumstances of the case. The procedure would also assure that the ultimate issuance or denial of a writ of mandamus was founded on the substance of the record and evidence as opposed to the form of the order.