# IN THE SUPREME COURT OF TEXAS

════════════
No. 10-0526
════════════

IN RE UNITED SCAFFOLDING, INC., RELATOR

════════════════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
════════════════════════════════════════════════════════════

**Argued October 6, 2011**

JUSTICE LEHRMANN delivered the opinion of the Court, in which CHIEF JUSTICE JEFFERSON, JUSTICE HECHT, JUSTICE MEDINA, JUSTICE GREEN, JUSTICE JOHNSON, JUSTICE WILLETT, and JUSTICE GUZMAN joined.

JUSTICE WAINWRIGHT filed a concurring opinion.

In *In re Columbia Medical Center of Las Colinas*, we held that a trial court's order granting a motion for new trial must provide a reasonably specific explanation of the court's reasons for setting aside a jury verdict. 290 S.W.3d 204, 213 (Tex. 2009). We rejected a new-trial grant that was premised solely "in the interest of justice." *Id.* at 213. Because the trial court's order in this case can be read to do just that, we conditionally grant the writ of mandamus. We also deny United's request for a writ of mandamus compelling the trial court to render judgment on the verdict.

## I. Background

In James Levine's 2008 negligence lawsuit against United Scaffolding, a jury assigned fifty-one percent responsibility for Levine's injuries to United. The jury declined to find past damages,

even though it awarded $178,000 in projected future medical expenses.  Following this verdict, the

trial court granted Levine's motion for new trial "in the interest of justice and fairness."  In light of

*In re Columbia*, we conditionally granted United's writ of mandamus in January 2010.  *In re United*

*Scaffolding, Inc.*, 301 S.W.3d 661, 663 (Tex. 2010) ("We direct the trial court to specify its reasons

for disregarding the jury verdict and ordering a new trial.").

The trial court amended its order to add three alternative rationales:

After reconsidering Plaintiff, James and Lisa Levine's Motion for New Trial, the Court GRANTS the motion and orders New Trial based upon:

A.  The jury's answer to question number three[1] (3) is against the great weight and preponderance of the evidence; *and/or*

B.  The great weight and preponderance of the evidence supports a finding that the determined negligence of Defendant was a proximate cause of injury in the past to Plaintiff, James Levine; *and/or*

C.  The great weight and preponderance of the evidence supports a finding that the determined negligence of Defendant supports an award of past damages; *and/or*

D.  In the interest of justice and fairness.

(Emphasis added).  United again sought mandamus relief, but the court of appeals found the order

reasonably specific and denied the petition, with one justice dissenting.  315 S.W.3d 247.

United argues that the amended order still fails to provide adequate reasoning.  In addition

to attacking the order's use of "and/or" and the retention of "in the interest of justice," United

---

[1] Question three asked the jury to separately calculate the different types of damages suffered by Levine.  The categories included medical expenses incurred in the past, those projected for the future, pain incurred in the past and likely to be sustained in the future, etc.  As alluded to above, the jury answered "$0" for every category except for future medical expenses.

(supported by amicus curiae E.I. du Pont de Nemours and Co.) urges that we require trial courts to conduct, in new-trial orders based on factual sufficiency, the same detailed analysis we required of appellate courts in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). United also invites us to review the evidence and conclude that the trial court abused its discretion in granting a new trial on factual insufficiency grounds. We should, United contends, order the trial court to render judgment on the verdict. Levine counters that requiring reasoning any more specific than that used here would waste trial court resources, and that substantive review of these types of orders would be improper.

## II. New-Trial Order Requirements

In *In re Columbia*, we reiterated the considerable discretion afforded trial judges in ordering new trials. 290 S.W.3d at 212 (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). That rule has both jurisprudential justifications (trial judges actually attend the trial and are best suited to evaluate its deficiencies), and practical justifications (most trial judges are understandably reluctant, after presiding over a full trial, to do it all over again). Therefore, in considering how detailed a trial court's new-trial order must be, as well as what level of review it is subject to, we must both afford jury verdicts appropriate regard and respect trial courts' significant discretion in these matters.

Imposing a *Pool*-like standard on trial courts would weigh too heavily against trial courts' discretion, since that standard would frequently be impossible for a trial court to meet. In *Pool*, we said:

> In order that this court may in the future determine if a correct standard of review of factual insufficiency points has been utilized, courts of appeals, when reversing on insufficiency grounds, should, in their opinions, detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient or is so against the great weight and preponderance as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias. Further, those courts, in their opinions, should state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict.

715 S.W.2d at 635. We cited that standard in *In re Columbia*, and United and DuPont make much of our comparisons of a trial court's new-trial review with the type of review conducted by appellate courts. *See, e.g.*, 290 S.W.3d at 211–12 ("[T]here is no meaningful difference to the parties between an appellate court reversing a judgment based on a jury verdict and a trial court setting the verdict aside . . . ."). But in that same opinion, we also observed that appellate courts normally have a court reporter's record at their disposal, while trial courts must rely on their own observations.[2] *Id.* at 211. This distinction advocates both for giving substantial deference to the trial court's new-trial determinations (since the trial judge may have observed irregularities not wholly apparent in a cold record), and for not requiring *Pool*-level detail (since a trial judge usually does not have a record from which to draw detailed recitations of the evidence presented).

Moreover, a large part of our rationale for prescribing *Pool* review for courts of appeals—concern that, "without that mental process being reflected by the opinion," we could not be sure that a court of appeals had "considered and weighed all the evidence before arriving at a decision of insufficiency," *Pool*, 715 S.W.2d at 635—is less potent as to trial courts. Unlike a court

---

[2] The burden on a trial judge who is not the same one that presided over the trial is likely to be even more substantial. *See In re Baylor Med. Ctr. at Garland*, 289 S.W.3d 859, 861 (Tex. 2009).

of appeals, which must affirmatively choose to read and consider the entire record (or selectively ignore portions of it, as we feared in *Pool*), a trial judge who rules on a motion for new trial has, in most instances, been present and a participant in the entire trial. We conclude that the *Pool* standards are not appropriate for trial court orders granting motions for new trial.

Consistent with these concerns, we focused in *In re Columbia* not on the length or detail of the reasons a trial court gives, but on how well those reasons serve the general purpose of assuring the parties that the jury's decision was set aside only after careful thought and for valid reasons. 290 S.W.3d at 213. Indeed, our opinion expressly touched on the substance of a trial court's reason only in explaining what that reason could not be: to substitute the trial court's judgment for that of the jury. *Id.* at 212 (citing *Scott v. Monsanto Co.*, 868 F.2d 786, 791 (5th Cir. 1989)). A trial court need not provide a detailed catalog of the evidence to ensure that, however subject to differences of opinion its reasoning may be, it was not a mere substitution of the trial court's judgment for the jury's. That purpose will be satisfied so long as the order provides a cogent and reasonably specific explanation of the reasoning that led the court to conclude that a new trial was warranted. Furthermore, in most cases a new trial will be granted for reasons stated in a motion for new trial, so that such an explanation will alert the parties to the reason the judge found persuasive, further illuminating the substantive basis for the order.

In light of these considerations, we hold that a trial court does not abuse its discretion so long as its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and

5

(2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand.

For example, an order granting a new trial may amount to a clear abuse of discretion if the given reason, specific or not, is not one for which a new trial is legally valid. *See id.* at 210 n.3 ("The good cause for which [Texas Rule of Civil Procedure] 320 allows trial courts to grant new trials does not mean just any cause."). Or, mandamus would lie if the articulated reasons plainly state that the trial court merely substituted its own judgment for the jury's, *see id.* at 210; or that the trial court simply disliked one party's lawyer, *In re BMW*, 8 S.W.3d 326, 328 (Tex. 2000) (Hecht, J., dissenting from the denial of rehearing of a petition for mandamus); or that the reason is based on invidious discrimination, *id.*

Moreover, mandamus may lie if the order, though rubber-stamped with a valid new-trial rationale, provides little or no insight into the judge's reasoning. Usually, the mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice. The order must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings. A trial court abuses its discretion if its new-trial order provides no more than a pro forma template rather than the trial judge's analysis. This two-part test adequately ensures that jury verdicts are not overturned without specific and proper reasons, while still maintaining trial courts' discretion in granting new trials.

6

### III. Application to This Order

Before turning to United Scaffolding's challenge to the substantive basis for the amended order, we first apply the two-part standard articulated above to this case. Under that standard, the amended order in this case (still) plainly violates our holding in *In re Columbia*. In *Columbia*, we made it indisputably clear that "[b]road statements such as 'in the interest of justice' are not sufficiently specific." 290 S.W.3d at 215. And if an order based solely on "the interest of justice" is insufficient, so too is one that, though it contains alternative reasons, could just as well be construed as relying solely on "the interest of justice and fairness."

Here, the trial court's four articulated reasons, including "in the interest of justice and fairness," are all preceded or followed by "and/or." Many courts and critics have denounced the use of "and/or" in legal writing. *E.g.*, TEXAS LAW REVIEW MANUAL ON USAGE & STYLE § 1.42 (Texas Law Review Ass'n ed., 12th ed. 2011) ("Do not use *and/or* in legal writing."); *State ex rel. Adler v. Douglas*, 95 S.W.2d 1179, 1180 (Mo. 1936) (en banc) ("The use of the symbol 'and/or' . . . should be condemned by every court."). The term inherently leads to ambiguity and confusion. WILLIAM STRUNK, JR. & E.B. WHITE, THE ELEMENTS OF STYLE 40 (4th ed. 2000); *see also* Bryan A. Garner, The Redbook: A Manual on Legal Style § 1.80 (2nd ed. 2006). In this order, the use of "and/or" leaves open the possibility that "in the interest of justice and fairness" is the sole rationale.[3] Because

---

[3] The symbol "/" (a slash, or virgule), itself ambiguous and frowned upon, often indicates alternatives. GARNER, *supra*, at §§ 1.80, 1.81(d). Many style guides translate the phrase "A and/or B" to mean "A or B or both." *See* STRUNK & WHITE, *supra*, at 40; WILSON FOLLETT, MODERN AMERICAN USAGE 64–65 (Jacques Barzun et al. eds., 1966). Thus, the trial court's actual reasons might have been any of the first three, all four of them, or just "in the interest of justice and fairness" by itself.

that is never an independently sufficient reason for granting a new trial, the amended order violated the first prong of the test we announce above. Therefore, we conditionally grant the writ of mandamus in part and instruct the trial court to vacate its amended order.[4] The trial court should issue a new order that resolves the ambiguity discussed above and elaborate, with reference to the evidence adduced at trial, how the jury's answers are contrary to the great weight and preponderance of the evidence.

### IV. The Trial Court Need Not Render Judgment on the Verdict

We now turn to United's request that we also grant a writ of mandamus ordering the trial court, not merely to redraft the new-trial order, but to render judgment on the jury verdict. United contends that the amended order is so deficient in every respect that, rather than order the trial court to redraft its order, we should direct it to render judgment on the jury verdict. United argues that the first three reasons in the amended order—those based on the "great weight and preponderance of the evidence"—are just as much boilerplate as "in the interest of justice and fairness," and that the factual record does not support them. We disagree that rendition on the jury verdict is warranted in this circumstance. First, as we have discussed, the actual basis for the trial court's order is unclear; if it rests on the greater-weight rationale, then our writ would compel the trial court to elaborate on that reasoning. The trial court's failure to properly state why it granted a new trial does not mandate a conclusion that it did not have a valid reason for doing so. And absent the trial court's having

---

[4] Our decision rests on the possibility that the trial court granted a new trial based solely on the interest of justice, and does not speak to the viability of the other three reasons provided in the order.

particularized its reason—or reasons—United would be entitled to mandamus directing the trial court to render judgment on the verdict only if it showed no valid basis exists for the new-trial order. It has not done so here—the record United has presented is only a partial one containing Levine's motion for new trial and the exhibits to that motion, such as deposition transcripts, and the transcript of the hearing on the motion for new trial. *See* TEX. R. APP. P. 52.7.

## V. Conclusion

Because of the ambiguity caused by the trial court's use of "and/or" and "in the interest of justice and fairness," we conditionally grant the writ of mandamus in part and order the trial court to vacate its order. The writ will only issue if the trial court fails to comply. We are confident the trial court's next amended order will resolve all ambiguity, leaving behind only the specific and valid reasons that, in the context of this case, explain why it granted a new trial.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** August 31, 2012