**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 9, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00646-CV

### IN RE MARTHA ROXANNE CORT, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1015160-003**

---

## MEMORANDUM OPINION

On August 11, 2014, relator Martha Roxanne Cort filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Roberta Lloyd, presiding judge of the County Civil Court at Law Number 4 of Harris County, to vacate an order granting a motion for new trial. We deny the petition.

In the underlying litigation, relator filed cross-claims for defamation, defamation per se, and intentional infliction of emotional distress against real party in interest Dagnee McKinney. Although McKinney answered relator's petition, neither McKinney individually nor McKinney's counsel appeared for trial when the case was called. The trial court proceeded at that time to hear evidence on relator's claims, and rendered a post-answer default judgment on liability on June 2, 2014. Relator then filed a motion for default judgment on damages, supported by affidavits and other exhibits. The court signed a final judgment on June 6, 2014, awarding relator $75,000 in damages.

On June 10, 2014, McKinney filed a motion to set aside the default judgment and for a new trial, claiming that the failure to appear at trial was a result of accident or mistake stemming from multiple trial setting notices with different dates. This motion was supported by affidavits and other exhibits. Relator filed a response controverting the assertions in McKinney's motion. Relator's response likewise was supported by multiple exhibits. The trial court held a hearing on McKinney's motion, but no reporter's record of that hearing appears to have been prepared. On June 26, 2014, the trial court signed an order granting a new trial "in the interest of justice and fairness." Relator then filed this petition for writ of mandamus.

In two issues presented, relator argues the trial court's order granting a new trial is facially and substantively insufficient under *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685 (Tex. 2012) (orig. proceeding); and *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex.

2009) (orig. proceeding). In these decisions, the supreme court held that: (1) a trial court must provide a specific and valid explanation for setting aside a jury verdict and granting a new trial; (2) mandamus relief is available where the trial court fails to do so; and (3) an appellate court may conduct a merits-based review on mandamus to determine if a facially specific and valid explanation provided by the trial court is supported by the record. *See Toyota*, 407 S.W.3d at 748–49, 755–59. Relator acknowledges that these cases specifically concerned a grant of a new trial after a jury trial, but argues the holdings of these cases should apply with equal force to the present circumstances. We disagree.

The supreme court's holdings in *Columbia Medical*, *United Scaffolding*, and *Toyota* explicitly were based on the unique concerns that arise when a trial court sets aside a jury verdict. *See, e.g.*, *Columbia Med.*, 290 S.W.3d at 209 ("[T]he significance of the issue—protection of the right to [a] jury trial—convinces us that the circumstances are exceptional and mandamus review is justified."); *id.* at 211 ("Jury trials are essential to our constitutionally provided method for resolving disputes when parties themselves are unable to do so."); *id.* at 212 (stating trial court's significant discretion to grant a new trial "should not, and does not, permit a trial judge to substitute his or her own views for that of the jury without a valid basis"); *id.* at 213 ("Parties and the public generally expect that a trial followed by a jury verdict will close the trial process. . . . [T]he parties and public are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside . . . ."); *see also Toyota*, 407 S.W.3d at 749 ("Without such an explanation, parties in the case can only

3

speculate about why the court ostensibly circumvented a critical constitutional right.").

Relator offers no argument to explain why standards developed specifically for the grant of a new trial after a jury verdict apply to a trial court's grant of a new trial following a post-answer default judgment. *Cf. Toyota*, 407 S.W.3d at 762–63 (Lehrmann, J., concurring) ("Both *Columbia* and our subsequent opinion in [*United Scaffolding*] focused on transparency in the context of setting aside jury verdicts, noting the importance of ensuring that trial courts do not impermissibly substitute their judgment for that of the jury. . . . This concern, however, is not present with respect to new-trial orders that do not set aside a jury verdict, such as orders issued after a bench trial or setting aside a default judgment. Accordingly . . . , the *Columbia* line of cases does not apply to such orders.") (internal citations omitted). Nor does relator cite to any cases extending *Columbia Medical* and its progeny to a grant of a new trial after a bench trial or default judgment. *Cf. In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13-13-00644-CV, 2014 WL 1633098, *11 (Tex. App.—Corpus Christi Apr. 23, 2014, orig. proceeding) (mem. op.) (declining to conduct merits-based review under *Columbia Medical* line of cases of an order granting a new trial after default judgment).

In the absence of a clear justification to do so, we decline relator's invitation to extend the holdings in *Columbia Medical*, *United Scaffolding*, and *Toyota* to a trial court's grant of a new trial following a post-answer default judgment. And because relator's arguments that the trial court abused its discretion are premised specifically on the application of this line of cases to the circumstances here, relator has not satisfied her burden to demonstrate entitlement to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan.