

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00530-CV

**IN RE** Bertha Bermea **SANCHEZ**

Original Mandamus Proceeding[1]

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  October 10, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator asserts the trial court abused its discretion by ordering a new trial following a jury trial. Because we conclude the new-trial order is facially invalid, we conditionally grant the petition for writ of mandamus.

## BACKGROUND

In the underlying litigation, real party in interest, Marisol Sotelo, sued relator, Bertha Sanchez, for injuries Sotelo allegedly sustained when her vehicle and relator's vehicle collided in a parking lot. Following a jury trial, the jury awarded Sotelo $3,800 for past medical expenses; but awarded zero damages for future medical care, past and future physical pain and mental

---

[1] This proceeding arises out of Cause No. 15-01-30519-MCVAJA, styled *Marisol Perez Sotelo v. Bertha Bermea Sanchez*, pending in the 365th Judicial District Court, Maverick County, Texas, the Honorable Amado J. Abascal, III presiding.

anguish, and past and future physical impairment. Sotelo then filed a motion for new trial. On January 8, 2018, the trial court signed a new-trial order that states as follows:

> After considering [Sotelo's] Motion for New Trial, [relator's] response, the pleadings, and arguments of counsel, the Court finds that the jury's answer of zero damages for past physical pain is against the great weight and preponderance of the evidence and is manifestly unjust based on the undisputed evidence introduced at trial.
>
> Accordingly, [Sotelo's] Motion for New Trial is hereby granted and the Court does hereby Order a New Trial.

Relator filed her petition for writ of mandamus challenging the new-trial order on three grounds: (1) the order is facially invalid, (2) the record does not support the trial court's rationale for ordering a new trial because the evidence was not "undisputed," and (3) the trial court erred in granting a new trial based on the so-called "zero damages rule." The real party in interest filed a response, to which relator replied. Because we agree with relator that the new-trial order is facially invalid, we do not address relator's other complaints about the order. *See* TEX. R. APP. P. 47.1.

## STANDARD OF REVIEW

An appellate court may review a new-trial order in a mandamus proceeding. Our review involves two steps. First, we review the sufficiency of the trial court's stated reasons for granting the new trial. *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688-89 (Tex. 2012) (orig. proceeding). Second, if the stated reasons are facially valid, we conduct a merits-based review of the reasons. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749, 758 (Tex. 2013) (orig. proceeding). "To deny merits-based review would mean that a trial court could set aside a verdict for reasons that are unsupported by the law or the evidence, as long as those reasons are facially valid." *Id.* at 758.

## ANALYSIS

Although Texas trial courts have broad discretion in granting new trials, that discretion is not limitless. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009) (orig. proceeding). In granting a new trial, "the parties and public are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried." *Id.* at 213.

"A trial court need not provide a detailed catalog of the evidence to ensure that, however subject to differences of opinion its reasoning may be, it was not a mere substitution of the trial court's judgment for the jury's." *United Scaffolding*, 377 S.W.3d at 688. "That purpose will be satisfied so long as the order provides a cogent and reasonably specific explanation of the reasoning that led the court to conclude that a new trial was warranted." *Id.* The *United Scaffolding* Court held, "in light of these considerations," a "trial court does not abuse its discretion so long as its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand." *Id.* at 688-89.

The *United Scaffolding* Court also held mandamus relief may be appropriate "if the order, though rubber-stamped with a valid new-trial rationale, provides little or no insight into the judge's reasoning." *Id.* at 689. "Usually, the mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." *Id.* "The order must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings." *Id.*

"A trial court abuses its discretion if its new-trial order provides no more than a pro forma template rather than the trial judge's analysis." *Id.* "This two-part test adequately ensures that jury verdicts are not overturned without specific and proper reasons, while still maintaining trial courts' discretion in granting new trials." *Id.*

Here, the trial court's finding that "the jury's answer of zero damages for past physical pain is against the great weight and preponderance of the evidence and is manifestly unjust based on the undisputed evidence introduced at trial" is a legally sound reason for granting a new trial. However, the next question is whether that statement alone is specific enough to indicate the trial court based its determination on the facts and evidence in the case. In her response to the petition for writ of mandamus, Sotelo contends the trial court explained its reasoning. According to Sotelo, relator can review the new-trial order and "understand exactly why the trial court ruled the way it did—the jury's verdict on past physical pain was contrary to the undisputed evidence that Sotelo suffered physical pain caused by this wreck, from at least January 15, 2013 until April 11, 2013." We disagree.

A new-trial order must "elaborate, with reference to the evidence adduced at trial, how the jury's answers are contrary to the great weight and preponderance of the evidence." *See id.* at 690. Here, the trial court states only that the evidence is "undisputed," but it does not discuss any evidence, reference any specific facts, or explain how any particular set of facts, evidence, or testimony undermines the jury's specific findings, thus warranting a new trial. Therefore, we conclude the new-trial order is facially invalid.

## CONCLUSION

Because the new-trial order is facially invalid, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its January 8, 2018 Order on Marisol Perez's Motion for New Trial and issue a new order specifying its reasons for ordering a new trial in

compliance with *United Scaffolding*. The writ will issue only if the trial court does not comply with this opinion within fifteen days.

Luz Elena D. Chapa, Justice