**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed October 18, 2018.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-18-00773-CV**

---

**IN RE STATE OF TEXAS, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1049234**

---

## MEMORANDUM OPINION

On September 5, 2018, relator, the State of Texas, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Linda Storey, presiding judge of the County Civil Court at Law No. 3 of Harris County, to vacate her May 17, 2018 order granting a new trial.

We conditionally grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit is a statutory condemnation action by the State of Texas for the acquisition of 0.4450 acres owned by Fairfield Baptist Church ("Fairfield") for the expansion of U.S. Highway 290 in Harris County, Texas. The jury found the compensation owed is $567,493 and the trial court entered judgement based on the jury's verdict. Fairfield moved for a new trial. The trial court signed an order granting a new trial because the State of Texas repeatedly violated the trial court's motion-in-limine order. The order provides no further explanation for the grant of the new trial.

## STANDARD OF REVIEW

The trial court's broad discretion to grant a new trial is not limitless. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009) (orig. proceeding). In granting a new trial, the trial court is to give an understandable and reasonably specific explanation as to why a jury's verdict is being disregarded or set aside, the trial process is nullified, and the case has to be retried. *Id*. at 213. A new trial order must initially satisfy two facial requirements. *In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding). First, it must give a reason for which a new trial is legally appropriate, *e.g.,* as a well-defined legal standard or a defect that probably resulted in an improper verdict. *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding). Second, it must be specific enough to reflect the trial court "did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand." *Id.* at 689. "This two-part test adequately ensures that jury verdicts are not overturned without specific and proper reasons, while still

2

maintaining trial courts' discretion in granting new trials." *Id*. If the order provides little or no insight into the judge's reasoning, mandamus relief might be appropriate. *Id.*

## ANALYSIS

The trial court's order, states, in its entirety:

> On this day came on for consideration Defendant's Motion for New Trial. The Court, having considered the motion, evidence attached thereto, and arguments of counsel, finds that it should be granted in light of Plaintiffs repeated violations of the Court's order *in limine*. It is, therefore,

> ORDERED that Defendant's Motion for New Trial is GRANTED. The judgment rendered in favor of Plaintiff is set aside.

The trial court's order does not give a reason for which a new trial is legally appropriate. The violation of a motion-in-limine order may support the granting of a new trial, such as when a party repeatedly injects evidence into the case in violation of the order, thereby tainting the jury's verdict. *See In re Wyatt Field Serv. Co.,* 454 S.W.3d 145, 155 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding), order withdrawn (Oct. 9, 2015). However, the mere violation of a motion-in-limine order is not generally a defect that, standing alone, probably resulted in an improper verdict. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. The trial court's order does not indicate what effect, if any, the violation of the motion-in-limine order had on the jury's verdict. Moreover, the trial court's order does not articulate any reasons derived from the case's facts and circumstances. The trial court's order provides scant insight into the judge's reasoning that the violation of the motion-in-limine order should result in setting aside a jury's verdict, nullifying the trial process,

and retrying the case.[1] *Id.* Because the trial court's order does not satisfy either of the two facial requirements, we do not conduct a merits review of the trial court's basis for a new trial. *See In re Bent*, 487 S.W.3d at 173.

## CONCLUSION

Because the new-trial order is facially invalid, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order granting a new trial and issue a new order specifying its reasons for ordering a new trial in accordance with this opinion. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.

PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.

---

[1] This lack of insight is more problematic given that the trial court overruled objections made by Fairfield.