**Mandamus Relief Conditionally Granted and Memorandum Opinion filed August 15, 2019.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00541-CV

### IN RE JOHNATHAN SIMMS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1103691**

### MEMORANDUM OPINION

On July 10, 2019, relator Johnathan Simms filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable George Barnstone, Judge of the County Civil Court at Law No. 1 in Harris County, Texas,

to vacate his order dated April 16, 2019, granting real party in interest Jennifer Dao's motion for new trial.

We conditionally grant the requested mandamus relief.

## FACTUAL AND PROCEDURAL BACKGROUND

After an accident in which their automobiles collided, Dao filed suit against Simms for negligence. At trial, the jury found that the negligence of both Dao and Simms proximately caused the accident and that Dao was fifty-five percent (55%) responsible and that Simms was forty-five percent (45%) responsible.

The trial court signed a final judgment that Dao take nothing against Simms.

Dao moved for new trial, arguing that the evidence is legally and factually insufficient to support the jury's findings that Dao's negligence proximately caused the occurrence and she was 55% responsible.

On April 16, 2019, Judge Barnstone signed an order granting Dao's motion for new trial.

## ANALYSIS

Whether the trial court has provided an understandable, reasonably specific explanation for setting aside a jury verdict and ordering a new trial is subject to mandamus review. *See In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding).

A new-trial order must initially satisfy the facial validity requirements. *See In re Bent*, 487 S.W.3d at 173. A trial court granting a motion for new trial must provide

2

an understandable, reasonably specific explanation of the trial court's reasons for setting aside the jury's verdict. *See id.*; *In re Cambell*, No. 14-18-01016-CV, __ S.W.3d __, 2019 WL 1388648, at *2 (Tex. App.—Houston [14th Dist.] Mar. 28, 2019, orig. proceeding). A trial court granting a motion for new trial should state one or more reasons for the ruling and those reasons must be both legally appropriate and sufficiently specific to show the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand. *See In re Bent*, 487 S.W.3d at 173; *In re Cambell*, __ S.W.3d at __, 2019 WL 1388648, at *2.

Dao moved for a new trial, arguing that the evidence is legally and factually insufficient to support the jury's findings that Dao's negligence proximately caused the occurrence and she was 55% responsible. In *In re Cambell*, we explained the facial requirements for an order granting a new trial based on a factual-insufficiency point as follows:

> The high court has concluded that an order granting a new trial need not detail the evidence relevant to the factual-insufficiency point, as courts of appeals must do under *Pool v. Ford Motor Company*. *See In re Bent*, 487 S.W.3d at 176; (citations omitted). Instead, a trial court should provide a "cogent and reasonably specific explanation" of the court's reasoning. *In re Bent*, 487 S.W.3d at 176; *In re United Scaffolding*, 377 S.W.3d at 688. . . . [T]he high court has not relieved any trial court of its responsibility to point to evidence that played a pivotal role in its decision. *See In re Bent*, 487 S.W.3d at 176. The supreme court has noted that "mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." *In re United Scaffolding*, 377 S.W.3d at 689; *see In re Bent*, 487 S.W.3d at 176. To

3

be facially valid, an order granting a new trial based on factual insufficiency "must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings." *In re United Scaffolding*, 377 S.W.3d at 689; *see In re Bent*, 487 S.W.3d at 176.

__ S.W.3d at __, 2019 WL 1388648, at *3. Judge Barnstone's order states:

> ON THIS DAY came to be considered *Plaintiff's Motion for New Trial*. After considering Plaintiffs Motion, Defendant's Response, and arguments of counsel this Court is of the opinion that the Motion is well taken and should be GRANTED in all respects:

> It is therefore ORDERED, ADJUDGED, AND DECREED that Plaintiffs Motion for New Trial in this matter is, in all things, GRANTED.

Judge Barnstone's new trial order does not give any reason for granting a new trial, much less show that he considered the specific facts and circumstances of the case and explained how the evidence (or lack of evidence) undermines the jury's findings. The order does not point to the evidence that played a pivotal role in his decision. Accordingly, the new trial order is facially invalid. *See In re Bent*, 487 S.W.3d at 179; *In re United Scaffolding, Inc*. 377 S.W.3d 685, 689 (Tex. 2012) (orig. proceeding).

Dao argues that at the hearing, Judge Barnstone discussed his reasons for granting a new trial in detail, and it therefore was unnecessary for him to state his

4

reasons for granting a new trial in the order. To the contrary, the supreme court has indicated that facially valid reasons must be stated in the order.[1]

## CONCLUSION

Because the new-trial order is facially invalid, we conditionally grant the requested mandamus relief. We direct Judge Barnstone to vacate his April 16, 2019 order granting a new trial, and either deny the motion for new trial or issue a new order specifying his reasons for ordering a new trial in accordance with the standards discussed in this opinion. We are confident Judge Barnstone will comply with this opinion. We will direct the clerk to issue the writ of mandamus only if Judge Barnstone fails to do so.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Spain and Poissant.

---

[1] "Moreover, mandamus may lie if the **order**, though rubber-stamped with a valid new-trial rationale, provides little or no insight into the judge's reasoning. . . . A trial court abuses its discretion if its new-trial **order** provides no more than a pro forma template rather than the trial judge's analysis." *In re United Scaffolding, Inc.*, 377 S.W.3d at 689 (emphasis added).