**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed August 29, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00600-CV**

---

**IN RE VICKI NELSEN, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1061520**

---

## MEMORANDUM OPINION

On August 1, 2019, Vicki Nelsen filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Lesley Briones, presiding judge of the County Civil Court at Law No. 4 of Harris County, to  vacate

her order dated June 21, 2019, granting the motion for new trial of real party-in-interest Debby Ovalle, individually and as next friend to her minor child, Sebastian Ovalle ("Ovalle").

We conditionally grant the requested mandamus relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Ovalle filed suit against Nelsen, alleging Nelsen's dog bit Ovalle's son on his eye and mouth, and Nelsen was negligent in not restraining the dog or maintaining the dog in a secure enclosure.

At trial, the jury answered "No" to the question of whether the negligence of Nelsen, if any, proximately caused the occurrence or injury in question. The trial court signed a final judgment that Ovalle take nothing against Nelsen.

Ovalle filed a motion for new trial, arguing, among other things: (1) the jury's finding of no negligence is against the great weight of the evidence and the evidence conclusively proves Nelsen was negligent and negligent per se; (2) the trial court abused its discretion by excluding an unredacted police report of the incident and by admitting a redacted version of the police report; and (3) the trial court abused its discretion by admitting social media posts of Ovalle. Nelsen filed a response to the motion, to which Ovalle replied.

The trial court heard the motion for new trial on June 19, 2019, and signed an order granting a new trial without stating a reason.

2

## ANALYSIS

Whether the trial court has provided an understandable, reasonably specific explanation for setting aside a jury verdict and ordering a new trial is subject to mandamus review. *See In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding).

A new-trial order must initially satisfy the facial validity requirements. *See In re Bent*, 487 S.W.3d at 173. A trial court granting a motion for new trial must provide an understandable, reasonably specific explanation of the trial court's reasons for setting aside the jury's verdict. *See id.*; *In re Cambell*, No. 14-18-01016-CV, __ S.W.3d __, 2019 WL 1388648, at *2 (Tex. App.—Houston [14th Dist.] Mar. 28, 2019, orig. proceeding). A trial court granting a motion for new trial should state one or more reasons for the ruling and those reasons must be both legally appropriate and sufficiently specific to show the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand. *See In re Bent*, 487 S.W.3d at 173; *In re Cambell*, __ S.W.3d at __, 2019 WL 1388648, at *2.

Ovalle moved for a new trial, arguing, among other things, that the jury's finding of no negligence is against the great weight of the evidence. In *In re Cambell*, we explained the facial requirements for an order granting a new trial based on a factual-insufficiency or great weight point as follows:

> The high court has concluded that an order granting a new trial need not detail the evidence relevant to the factual-insufficiency point, as courts of appeals must do under *Pool v. Ford Motor Company*. *See In*

3

*re Bent*, 487 S.W.3d at 176; (citations omitted). Instead, a trial court should provide a "cogent and reasonably specific explanation" of the court's reasoning. *In re Bent*, 487 S.W.3d at 176; *In re United Scaffolding*, 377 S.W.3d at 688. . . . [T]he high court has not relieved any trial court of its responsibility to point to evidence that played a pivotal role in its decision. *See In re Bent*, 487 S.W.3d at 176. The supreme court has noted that "mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." *In re United Scaffolding*, 377 S.W.3d at 689; *see In re Bent*, 487 S.W.3d at 176. To be facially valid, an order granting a new trial based on factual insufficiency "must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings." *In re United Scaffolding*, 377 S.W.3d at 689; *see In re Bent*, 487 S.W.3d at 176.

The new-trial order states in its entirety:

On June 19, 2019, oral argument on Debby Ovalle, Individually and as Next Friend of her Minor Child, Sebastian Lopez (hereinafter "Plaintiffs") Motion for New Trial, filed on May 10, 2019, was duly presented to the Court.

IT IS THEREFORE ORDERED that the aforementioned Motion for New Trial be and is hereby:

[X] GRANTED

[ ] GRANTED IN PART, as indicated:

[ ] DENIED

The new-trial order does not give any reason for granting a new trial, much less show that the trial judge considered the specific facts and circumstances of the case and

4

explained how the evidence (or lack of evidence) undermines the jury's findings. The order does not point to the evidence that played a pivotal role in the judge's decision. Accordingly, the new-trial order is facially invalid. *See In re Bent*, 487 S.W.3d at 179; *In re United Scaffolding, Inc.* 377 S.W.3d 685, 689 (Tex. 2012) (orig. proceeding).

## CONCLUSION

Because the new-trial order is facially invalid, we conditionally grant the requested mandamus relief. We direct the trial court to (1) vacate its order granting a new trial and (2) either deny the motion for new trial or issue a new order specifying its reasons for ordering a new trial in accordance with the standards discussed in this opinion. We are confident the trial court will comply with this opinion. We will direct the clerk to issue the writ of mandamus only if the trial court fails to do so.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Wise and Hassan.

5