**Petition for Writ of Mandamus Conditionally Granted and Opinion filed August 10, 2021.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-20-00556-CV**

---

## IN RE SHAUN MOONEY; RECRUITMENT PARTNERS, L.P.; AND INTERNATIONAL RECRUITMENT CORPORATION, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-28294**

---

## MEMORANDUM OPINION

On Wednesday, August 12, 2020, relators Shaun Mooney; Recruitment Partners, L.P.; and International Recruitment Corporation filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Christine

Weems, presiding judge of the 281st District Court of Harris County, to vacate the order signed May 8, 2020, granting the motion for mistrial filed by real party in interest, J. Steve Pursley, plaintiff below. A response has been filed by Pursley and a reply has been filed by relators.

## BACKGROUND

The record reflects that after the jury began deliberations, the trial court was informed that exhibits that were not admitted into evidence were mistakenly taken to the jury room. Those exhibits were (1) a criminal indictment of Pursley; (2) general instructions for the jury charge in the criminal proceeding; (3) special instructions for the jury charge in the criminal proceeding; and (4) the verdict form finding Pursley guilty of four counts of federal tax evasion. The jurors were asked if they had seen the documents and three jurors raised their hands. The jurors were further asked whether there had been any discussion about the documents and said there had been. Pursley moved for a mistrial. The trial court took the motion under advisement and proceeded to question each juror individually as to whether they saw the documents, what discussions, if any, they heard about the documents, and whether they could disregard it. Following that questioning, Pursley re-urged his motion for mistrial. The trial court carried the motion and allowed the jury to continue deliberations.

The jury found against Pursley and in favor of the relators. Pursley again re-urged the motion for mistrial and it was granted. The trial court entered an order. Two months later, the trial court clarified its order at Pursley's request. The trial court's Amended Mistrial Order was signed May 8, 2020.

According to the amended order, the mistrial was granted because exhibits that were not admitted into evidence were mistakenly taken to the jury room. The

exhibits were specifically excluded and were part of an offer of proof by relators. In the order, the trial court found the disclosure was inadvertent and due to no fault by parties or counsel. The trial court's reasons for granting the mistrial as stated in the order are as follows:

> The Court grants the motion for mistrial in the interest of justice. Although the evidence at issue may be relevant, the Court finds that its prejudicial effect substantially outweighs any probative value that it may have. Furthermore, the evidence of the jury findings of guilt in Plaintiff's criminal case were in and of itself so prejudicial that there is no way that a jury would be able to disregard it, even when instructed by this Court to do so. Also the extended disruption in the jury deliberations to allow the Court's questioning of the individual jurors contributed to the harm to Plaintiff.

> These acts individually provide the basis for granting a new trial. However, even if neither of these instances warrant ·a new trial, individually, taken together, they do. *See University of Texas at Austin v. Hinton*, 822 S.W.2d 197, 205 (Tex. App.—Austin 1991, no pet.).

> For these reasons, Plaintiff's motion for mistrial is GRANTED.

## STANDARD OF REVIEW

The granting of a mistrial is subject to mandamus review. *Galvan v. Downey*, 933 S.W.2d 316, 321 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Because the motion for mistrial in this case was the functional equivalent of a motion for new trial, we look to the standards governing the review of the granting of a motion for new trial. *See In re Columbia Medical Center of Las Colinas*, 290 S.W.3d 204, 206 (Tex. 2009) (orig. proceeding). On its face, a new trial order must satisfy two requirements: (1) it must state a legally appropriate reason; and (2) the stated reason must be specific enough to indicate the trial court did not simply parrot a pro forma template, but rather derived the articulated

3

reason from the case's particular facts and circumstances. *In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding). If the facial requirements are satisfied, a relator is entitled to mandamus relief if a merits-based review demonstrates the record does not support the trial court's rationale for granting a new trial. *Id*. at 173; *In re Toyota Motor Sales, U.S.A., Inc*., 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding); I*n re Hightower*, 580 S.W.3d 248, 253 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). Additionally, a new-trial order constitutes an abuse of discretion when the given reason, specific or not, is not one for which a new trial is legally valid. *In re United Scaffolding, Inc*., 377 S.W.3d 685, 689 (Tex. 2012) (orig. proceeding).

## ANALYSIS

The record reflects that after the jurors were individually questioned, before the jury continued deliberations, the trial court instructed them to disregard "anything that was in a document that's not an exhibit in this case" and "to solely decide this case on the documents that came in during the course of trial and the evidence that you heard and saw." The trial court stated, "[a]ll 12 of you told us that you could do that, so I'm going to ask you to continue doing that."

In the absence of proof to the contrary, we must presume the jury followed the trial court's instruction and disregarded the documents. *See In re K.S.*, 76 S.W.3d 36, 45 (Tex. App.—Amarillo 2002, no pet.); *Cook v. Caterpillar, Inc.*, 849 S.W.2d 434, 441–42 (Tex. App.—Amarillo 1993, writ denied) (citing *Duncan v. Smith*, 393 S.W.2d 798, 805 (Tex. 1965)). According to the trial court, all the jurors said they could disregard the documents. The record does not demonstrate otherwise. Thus, the record does not support the trial court's rationale for granting a new trial and relators are entitled to mandamus relief. *See In re Bent*, 487 S.W.3d

170, 173 (Tex. 2016) (orig. proceeding); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding); *In re Hightower*, 580 S.W.3d 248, 253 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding).

Accordingly, we conditionally grant relators' petition for writ of mandamus and direct the trial court to issue a written order vacating its May 8, 2020, order. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the court fails to do so.


PER CURIAM


Panel consists of Justices Wise, Bourliot, and Wilson.