

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

No. 08-25-00302-CV

In re Al Janabi Yousif Estabraq, Relator

AN ORIGINAL PROCEEDING IN MANDAMUS

## MEMORANDUM OPINION

In this original proceeding, Relator Al Janabi Yousif Estabraq seeks mandamus relief from the trial court's order granting a new trial after a jury returned a verdict in a personal injury suit arising from a rear-end motor vehicle collision.[1] Because we conclude that the new-trial order is facially insufficient, we conditionally grant mandamus relief.

---

[1] This original proceeding arises from trial court cause number 2023-DCV-2003 in the County Court at Law No. 7 of El Paso County, Texas. Respondent is the Honorable Ruben Morales. *See* Tex. R. App. P. 52.2.

# I. BACKGROUND

Real party in interest, Alicia Brown, sued Estabraq for personal injuries following a two-car collision. Brown alleged that Estabraq caused her injuries when he rear-ended her vehicle at a time when she remained stopped at a red light at the intersection of Artcraft Road and Westside Drive in El Paso. Estabraq answered with a general denial and assertion of affirmative defenses. The case proceeded to a jury trial where Estabraq and Brown both testified and introduced evidence to include medical records, billing records, and photographs of the two vehicles involved in the dispute.

Brown testified her vehicle was hit from behind while she waited at a traffic light. She described the impact as "moderate," pointing out that it pushed her vehicle forward. She also said the impact caused her body to hit the steering wheel and she felt the seatbelt tighten and engage. She testified that her vehicle sustained damage because of the collision, specifically the bumper was cracked and disengaged in one area. She also explained that, a few hours after the collision, her shoulders and upper back were tense and she felt pain radiating to her neck. After a few days, she sought medical treatment and received physical therapy over the course of several weeks. She submitted medical records and billing records.

Estabraq did not dispute the fact that his vehicle contacted the rear bumper of Brown's vehicle. Instead, he contested her characterization of the impact. He testified he came to a stop directly behind Brown's vehicle, about six to ten feet away, while Brown's vehicle remained at a complete stop. He told the jury he believed the light had turned green because semi-trucks that were traveling in the same direction kept passing him on his right side. He described that he "let off [his] brakes and [] tapped her car." He characterized the collision as a "love tap." He stated he was looking at the light at that time, but the "shadow from the truck changed his perception of the

color of the [traffic] light." He further stated that it was hard to see Brown's brake lights because the conditions were "super sunny" and bright. He specifically said that, on the occasion, he was "following all the rules," had no phone in his hand, and he was being extra cautious. He explained that he never put his foot on the accelerator and did not roll forward at "even one mile per hour." When pressed for details, Estabraq described that he did not see Brown's vehicle move forward following his vehicle's contact with her vehicle. In his vehicle, his seat belt did not engage, and his airbags did not deploy.

After deliberating, the jury returned its verdict, answering "No" in response to Question One of the Charge asking whether the negligence of Estabraq proximately caused the incident in question. Because it was instructed not to answer the other question unless it answered "Yes" to Question One, it did not reach the damages question. On the verdict certificate, the presiding juror signed and checked the form indicating the jury had reached a unanimous verdict.

Brown thereafter moved for judgment notwithstanding the verdict under Texas Rule of Civil Procedure 301. She argued the evidence at trial, and in particular, the admissions of Estabraq, had conclusively established he negligently caused the collision in question. Specifically, she pointed to his admission on cross examination that his vehicle struck the Brown vehicle from behind, that he was not claiming that she did anything to cause the collision, and he hit the back of her bumper. Brown argued that Estabraq was negligent as a matter of law, and the jury's failure to find negligence "is against the great weight and preponderance of the evidence." Brown asked the trial court to render judgment notwithstanding the verdict on the issue of Estabraq's negligence "so that upon a new trial, the jury can make a fair determination as to the damages Plaintiff suffered stemming from the fault of Defendant." Estabraq countered by arguing that negligence was not

3

conclusively proven as a matter of law given the evidence showed "some care" was exercised on the occasion in question.

The trial court rendered an order granting a new trial, finding the jury's answer to Question One was "against the great weight and preponderance of the evidence." Additionally, the trial court's order listed the following findings:

1. With respect to the collision, the evidence at trial was consistent.

2. [Estabraq] unequivocally testified that he rear-ended [Brown's] vehicle, and [Brown] was in no way at fault for the collision. [Brown] agreed.

3. Specifically, Estabraq testified that he came to a complete stop directly behind Brown who was also at a complete stop. Both were facing a red light.

4. Estabraq was able to see Brown's vehicle directly in front of him, and he knew Brown was stopped, waiting for the red light to change. He also saw that other vehicles next to him were at a complete stop waiting for the light to change and, at all relevant times, Brown's vehicle remained stationary.

5. Estabraq did not contend that any other person caused or contributed to the collision and there was no evidence of any other cause.

6. Estabraq testified that as he waited behind Brown, a truck passed by, causing him to think it was a green light. As a result, he released his brakes, and he rear-ended Brown who was still at a complete stop. The only time Estabraq looked at the actual light and saw that it was green was after he hit Brown's car.

7. Estabraq did not see Brown's vehicle move forward before he released his brakes, and he did not look in front of him to confirm it was safe to proceed prior to releasing his brakes.

8. Estabraq's testimony provided conclusive evidence that he breached the duty of ordinary care by causing his vehicle to move forward into Brown's vehicle while Brown's vehicle was at a complete stop.

9. The jury's answer to "Question One" of the Charge of the Court is against the great weight and preponderance of the evidence presented at trial.

10. A directed verdict in favor of Plaintiff that Defendant's negligence proximately caused the incident would have been proper based on the evidence presented at trial.

4

11. Defense counsel has asserted, and the court agrees that the matter cannot be tried solely on the issue of damages given that liability issues are contested.

Estabraq then filed a mandamus petition in this Court. He contends the trial court's new-trial order was facially invalid and it lacked any valid, merits-based reasoning.

## II. THE MANDAMUS STANDARD

Mandamus relief is an extraordinary remedy granted by courts "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *In re Rogers*, 690 S.W.3d 296, 302 (Tex. 2024) (orig. proceeding) (per curiam) (citation omitted). To obtain such relief, a relator must generally satisfy two requirements: (1) show that the relator has no adequate remedy at law; and (2) establish the trial court committed a clear abuse of discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). As to the first requirement, the Texas Supreme Court has recognized that there is no adequate remedy by appeal when a district court issues an erroneous new-trial order following a jury trial. *See In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209–10 (Tex. 2009). Accordingly, the only question here is whether the challenged new-trial order resulted from an abuse of discretion. *See In re Bent*, 487 S.W.3d 170, 177–78 (Tex. 2016) (orig. proceeding).

## III. ABUSE OF DISCRETION

The Texas Constitution guarantees that the right to trial by jury "shall remain inviolate." Tex. Const. art. I, §15. It follows from that constitutional principle that "trial judges cannot enjoy unfettered authority to order new trials." *In re Bent*, 487 S.W.3d at 175. The Texas Supreme Court has addressed why and how Texas courts should review a new trial order. *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 299 (Tex. 2023) (orig. proceeding). It has explained that trial and appellate courts are expected to work together "in the context of reviewing new-trial orders." *Id*.

5

Within the past decades, the Supreme Court's jurisprudence has recognized that trial judges possess "considerable authority to grant new trials" and have a duty "to do so when they observe problems that threaten the integrity of the process and, therefore, the reliability of [a jury's] verdict." *Id*. at 302. Still, because a trial judge's "disregard[] [of] a jury's verdict is an unusually serious act that imperils a constitutional value of immense importance," the higher court instructs that a court may only do so "when clearly supported by sound reasons." *Id.* Thus, when a trial judge sets aside a jury verdict and orders a new trial, it must provide litigants with "an understandable, reasonably specific explanation." *In re Bent*, 487 S.W.3d at 173 (quoting *In re Columbia*, 290 S.W.3d at 213). "Generally, this requirement is satisfied when a trial court's stated reason is 'a reason for which a new trial is legally appropriate' and 'is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand.'" *Id.* (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding)). When facial requirements are satisfied, appellate courts are further empowered, within the context of an abuse-of-discretion standard of review, "to conduct a merits review of the bases for a new trial order." *Id.* (quoting *In re Toyota Motor Sales*, 407 S.W.3d at 749). Mandamus relief may then be granted, "if the record does not support the trial court's rationale for ordering a new trial." *Id.*

Within the context of an abuse-of-discretion standard, we must first consider whether the new-trial order satisfies the facial requirements established in *Columbia* and *United Scaffolding*. The order must show on its face that it was granted "only after careful thought and for valid reasons." *In re Davenport*, 522 S.W.3d at 456 (quoting *In re Untied Scaffolding*, 377 S.W.3d at 688). To illustrate, a trial court ordering a new trial "in the interests of justice and fairness" is not a sufficiently specific reason to grant a new trial, and such a generic rationale renders the order

6

facially invalid. *In re Columbia*, 290 S.W.3d at 206, 213; *see also In re United Scaffolding*, 377 S.W.3d at 688). Similarly, "the mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." *In re United Scaffolding*, 377 S.W.3d at 689.

Turning to the trial court's order here, it begins with a general summary of the course of the proceeding: it noted the case was tried before a jury; at the conclusion of evidence, it was submitted to the jury; that the jury returned a verdict in favor of Estabraq; and, the jury found "the negligence of [Estabraq] did not proximately cause the incident in question." It next listed findings in support of its determinations. As pertinent, it found in item number eight that "Estabraq's testimony provided conclusive evidence that he breached the duty of ordinary care by causing his vehicle to move forward into Brown's vehicle while Brown's vehicle was at a complete stop;" it found in item number nine that "[t]he jury's answer to 'Question One' of the Charge of the Court is against the great weight and preponderance of the evidence presented at trial;" and it found in item number ten that "[a] directed verdict in favor of [Brown] that [Estabraq's] negligence proximately caused the incident would have been proper based on the evidence presented at trial." Two bases emerge as support for the new-trial order: (1) that "conclusive evidence" established that Estabraq breached his duty of ordinary care; and (2) that the jury's no-evidence finding contradicted "the great weight and preponderance of the evidence presented at trial." In short, the trial court ordered a new trial based on legal- and factual-sufficiency. To determine whether it abused its discretion, we address each bases in turn.

### A. Legal sufficiency

The trial court cited legal sufficiency as its first basis for ordering a new trial. It noted that "Estabraq's testimony provided conclusive evidence that he breached the duty of ordinary care by

causing his vehicle to move forward into Brown's vehicle while Brown's vehicle was at a complete stop." Legal sufficiency, however, is not a reason for which a new trial is legally appropriate. When the evidence is conclusive and one party is entitled to judgment as a matter of law, a trial court should grant a motion for judgment notwithstanding the verdict, not a new trial. *See In re Bent*, 487 S.W.3d at 179 (stating that "judgment notwithstanding the verdict, not a new trial" is appropriate when a party conclusively establishes their claim and there is no contrary evidence); *In re R.E.S.*, 725 S.W.3d 471, 484 (Tex. App.—El Paso 2025, no pet.) (stating that if the claimants "conclusively established their claim" and the opposing party "presented no evidence," then a new trial would not be appropriate). In stating that Brown conclusively established her negligence claim, and Estabraq presented no contrary evidence, the trial court articulates a reason for granting a judgment N.O.V., but not "a reason for which a new trial is legally appropriate." *See United Scaffolding*, 377 S.W.3d at 688–89. The trial court's order is facially invalid in regard to the legal sufficiency basis. *See In re Bent*, 487 S.W.3d at 173; *In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89.

## B. Factual insufficiency

The trial court couched its second basis in terms sounding in factual sufficiency. Unlike legal sufficiency, factual sufficiency is a legally appropriate reason for granting a new trial. *In re Bent*, 487 S.W.3d at 176. Even so, for the trial court's order to be facially valid, it still must "indicate that the trial judge considered the specific facts and circumstances of the case . . . and explain how the evidence (or lack of evidence) undermines the jury's findings." *Id*. As we earlier described, we consider whether the order is specific enough to indicate that the trial court derived the articulated reasons from the particular facts and circumstances of the case at hand. *See In re United Scaffolding, Inc.*, 377 S.W.3d at 688–89. For our purposes, the Supreme Court has

instructed that a trial court is not required to detail the evidence in the same manner required of a court of appeals that reverses a judgment for factual insufficiency. *Id.* at 687; *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). However, the trial court must point to the evidence that played a pivotal role in its decision to grant a new trial. *See In re Bent*, 487 S.W.3d at 176. We focus "not on the length or detail of the reasons a trial court gives, but on how well those reasons serve the general purpose of assuring the parties that the jury's decision was set aside only after careful thought and for valid reasons." *In re United Scaffolding, Inc.*, 377 S.W.3d at 688.

Here, the trial court lists evidence that supports Brown's position and concludes that the jury's verdict was against the great weight and preponderance of the evidence presented at trial. In doing so, however, it fails to credit other evidence supporting the jury's finding, acting instead as a factfinder in giving certain evidence more credit. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (providing that, in a factual sufficiency review, a reviewing court "must not merely substitute its judgment for that of the jury," and must credit the jury's findings as they are the "sole judge of credibility of witnesses and the weight to be given to their testimony"). Specifically, the trial court states that Estabraq only looked at the actual light after he hit Brown's vehicle. But the record shows that Estabraq additionally testified that, before he removed his foot from his brake, he believed the light had turned green because he saw vehicles passing him on the right and the shadow from the truck changed his perception of the color of the light. The parties also disputed the force of impact with Brown describing it as "moderate," while Estabraq characterized it as a "love tap." In applying a factual sufficiency standard, the trial court's duty was to "explain how the evidence (or lack of evidence) undermined the jury's findings." *See United Scaffolding*, 377 S.W.3d at 688–89.

9

The general purpose of the facial requirement is to assure the parties that the jury's decision was set aside only after careful thought and for valid reasons. *In re Bent*, 487 S.W.3d at 176 (citing *Columbia*, 290 S.W.3d at 213). In this instance, although some evidence is listed and a factual sufficiency standard is mentioned, a gap remains on any insight or understanding of why the trial court found the greater weight of the evidence had undermined the jury's verdict. *Id.*; *Toyota Motor Sales*, 407 S.W.3d at 759; *In re Bent*, 487 S.W.3d at 173, 184 (finding trial court's order that stated evidence supporting an award of reasonable and necessary attorney's fees was "overwhelming" was insufficient to meet facial validity because it failed to "indicate that the trial judge considered the specific facts and circumstances of the case at hand and explained how the evidence (or lack of evidence) undermines the jury's findings"); *In re R.E.S.*, 725 S.W.3d 471, 486 (Tex. App.—El Paso 2025, no pet.) (holding trial court's order granting new trial was facially invalid in "tangentially list[ing] evidence . . . without addressing how that evidence undermines the jury's findings"); *but see In re Norton*, 598 S.W.3d 718, 724 (Tex. App.—Texarkana 2020, no pet.) (finding the trial court's order was facially valid when it explained why it believed the jury's verdict was against the great weight and preponderance of the evidence by listing the "only probative evidence" in the record that was undisputed and the jury should have reached a different verdict).

For all these reasons, the trial court's order granting a new trial was facially insufficient.

## IV. CONCLUSION

After having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, we conclude Estabraq has met his burden to obtain mandamus relief. Because the new trial order fails to satisfy the facial requirements set forth in *Columbia* and *United Scaffolding*, we conditionally grant the petition for writ of mandamus, direct the trial court to vacate its new-trial order, and proceed in the normal course with the post-trial

stages of litigation. Our writ will issue only if the trial court fails to act in accordance with this decision.

GINA M. PALAFOX, Justice

April 22, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.