**Opinion issued May 9, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-23-00309-CV**

————————————

**IN RE MARIA SANCHEZ, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, Maria Sanchez, has filed a petition for a writ of mandamus challenging the trial court's March 2, 2023 order titled "Motion to Set Aside Jury Verdict and Grant a New Trial." The trial court issued the challenged order following a jury trial in the underlying divorce proceeding between Sanchez and real party in interest, Ysidro Hernandez. In her petition, Sanchez asserted that the trial court abused its discretion by "unilaterally ordering a new trial" and entering a "one-page order [that] [was] facially invalid," and that she lacked an adequate

appellate remedy to challenge the trial court's order. Sanchez's mandamus petition requested that this Court issue a writ of mandamus directing the trial court to (1) vacate the March 2, 2023 new trial order and (2) enter a final judgment on the jury's findings.

This Court requested a response to Sanchez's petition for writ of mandamus. Hernandez, proceeding pro se, filed a response to the mandamus petition, and Sanchez filed a reply in support of her mandamus petition.

We conditionally grant relator's petition for writ of mandamus in part.[1]

## Background

This original proceeding arises from a divorce proceeding initiated by Sanchez on November 3, 2021. Sanchez and Hernandez were married on or around December 21, 2000. Sanchez had two children prior to her marriage with Hernandez, Marcos Antonio and Jordan Anthony Martinez. According to the mandamus petition, Sanchez and Hernandez owned a residential property located on Wallisville Road in Houston. It is undisputed that this residential property was community property.

Sanchez stated in her mandamus petition that she also "assisted" Antonio with purchasing several pieces of property to be used as collateral for a bail bond business

---

[1] The underlying case is *In the Matter of the Marriage of Maria Sanchez and Ysidro Hernandez*, Cause No. 2021-72513, in the 309th District Court of Harris County, Texas, the Honorable Linda Marie Dunson presiding.

he was starting (the "bail bond properties"). According to Sanchez, although the deeds to the bail bond properties were in her name, Antonio "fully paid for the properties," and neither Sanchez nor Hernandez "paid any money towards the purchase" of the bail bond properties.

On January 18, 2022, Hernandez, acting through counsel, filed a counter-petition for divorce. As a part of his counter-petition, Hernandez asserted third-party claims against Antonio and Martinez, the adult children of Sanchez. In relevant part, Hernandez's counter-petition alleged that Sanchez and Antonio committed fraud, theft, and conspiracy. Specifically, Hernandez alleged that Sanchez and Antonio conspired to fraudulently transfer the bail bond properties into Antonio's name in an effort to defraud the community estate.

Prior to trial, the trial court dismissed Hernandez's fraud, theft, and conspiracy claims against Antonio. On January 9 and 10, 2023, there was a jury trial on all remaining claims. The trial court's charge to the jury included several questions for the consideration of the jury. Relevant to this mandamus petition, the jury was presented with the following questions:

Question 1: Do grounds exist for divorce?

Question 2: Is the homestead located on Wallisville Road the community property of Sanchez and Hernandez?

Question 3: Are any of the properties purchased as collateral for Antonio's bail bond business the community property of Sanchez and Hernandez?

Question 5: Did Sanchez commit fraud with respect to the community-property rights of Hernandez?

The jury returned its verdict on January 10, 2023. In an 11-1 decision, the jury found that: (1) grounds existed for divorce; (2) the Wallisville Road home was community property; (3) none of the properties purchased as collateral for Antonio's bail bond business were the community property of the marital estate; and (4) Sanchez did not commit fraud with respect to the community-property rights of Hernandez.

After the trial court announced the jury verdict, the trial court polled the jury, confirming the 11-1 verdict. The parties accepted the verdict, and the trial court excused the jury. At the conclusion of the proceedings, the trial court granted the divorce requested by Sanchez and Hernandez and stated, "[a]s for the just and right division of the community property, the [trial court would] render on that, take it under advisement, and . . . submit a written order to the parties." The trial court then ordered the parties to appear before the court for a "post-jury trial conference" on February 3, 2023.

During the February 3, 2023 hearing, and without notice to the parties, and on its own motion, the trial court informed the parties that she was ordering a new trial. Sanchez objected to trial court's ruling to set aside the jury verdict and grant a new trial. But on March 2, 2023, the trial court entered an order titled "Motion to Set Aside Jury Verdict and Grant a New Trial."

4

In that order, the trial court stated that it was necessary to set aside the jury's verdict and grant a new trial because "[t]he [jury's] verdict was against the great weight and preponderance of the evidence combined with an explanation of how the evidence or lack of evidence undermine[d] the jury's findings." In support of its conclusion, the trial court stated that the "[j]ury failed to provide instructions for completing the verdict certificate" and "[t]he [j]ury were provided the following Instructions in relevant part of the Charge of the Court on pages 8-9:."

Next, the trial court ruled that "[t]he jury failed to characterize the marital property. The verdict simply stated what the marital property was not without clearly characterizing the marital property. *See attached Charge to the Jury as Exhibit A*." Finally, the trial court concluded that "[t]he [j]ury verdict d[id] not comport with the law. The [j]ury's answer to the issues of characterization of marital property d[id] not overcome the community property presumption because the evidence or lack of evidence admitted undermine[d] the jury's findings."

For these reasons, the trial court stated, "the evidence supporting the [j]ury's finding [was] legally and factually insufficient to support the characterization of the community assets in the just and right division of community property assets and liabilities." The trial court reset the case for a new trial and ordered "mutual temporary injunctions for the preservation of the real property" while the case remained pending.

5

In response to the trial court order granting a new trial, Sanchez filed her petition for writ of mandamus, asserting that the "trial court's new trial order [was] facially invalid and the articulated reasons [were] not supported by the record." Sanchez requested that this Court issue a writ of mandamus directing the trial court to (1) vacate the March 2, 2023 new trial order and (2) perform the ministerial task of entering a final judgment on the jury's verdict.

**Standard of Review**

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Specifically, mandamus relief is only available where a relator establishes two requirements. First, relator must establish that the trial court has abused its discretion. *See id.* Second, a relator must establish that she has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004).

**Analysis**

In her first issue, Sanchez argues that the trial court erred in unilaterally setting aside the jury's verdict and ordering a new trial because (1) the trial court's order was "facially invalid," offering "no explanation why the verdict was allegedly 'against the great weight and preponderance of the evidence' and did 'not comport with the law,'" (2) there was "sufficient evidence to support the jury's verdict," and (3) "any error in the signing of the jury certificate is not a valid basis for ordering a

6

new trial." In her second issue, Sanchez argues she has no adequate remedy on appeal. Texas courts have concluded that where a trial court erroneously grants a new trial, "absent mandamus review," a party "will seemingly have no appellate review of the orders granting new trial." *See In re Columbia Med. Ctr. Of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009). Accordingly, to the extent Sanchez establishes the trial court abused its discretion, mandamus relief is appropriate.

In granting a motion for new trial, or otherwise ordering a new trial, a trial court is obligated to provide litigants with "an understandable, reasonably specific explanation" for setting aside a jury verdict and ordering a new trial. *See id.* at 213. Where a new trial order fails to comply with this standard, mandamus relief is available. *See id.*; *see also In re United Scaffolding, Inc.*, 377 S.W.3d 685, 689–90 (Tex. 2012). Still yet, where a trial court order "satisfies these facial requirements, [the Supreme Court of Texas has] further empowered appellate courts to 'conduct a merits review of the bases for a new trial order' and grant mandamus relief '[i]f the record does not support the trial court's rationale for ordering a new trial.'" *In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (quoting *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013)).

Sanchez asserted in her mandamus petition that "[t]he trial court's one-page order [was] facially invalid." However, to the extent this Court concludes that the

7

trial court's order satisfied the facial requirements, Sanchez further asserted that mandamus relief remained proper because the "evidence [was] legally and factually sufficient to support the jury's findings."

Trial courts have traditionally been afforded broad discretion in granting new trials. *See In re Columbia,* 290 S.W.3d at 210. The Texas Rules of Civil Procedure vest trial courts with broad authority to order new trials "for good cause." TEX. R. CIV. P. 320. "Historically, trial courts sometimes granted new trials with little or no explanation, and '[the Texas Supreme Court's] decisions approved the practice of trial courts failing to specify reasons for setting aside jury verdicts.'" *In re Bent*, 487 S.W.3d at 175 (quoting *In re Columbia,* 290 S.W.3d at 208).

However, the Texas Constitution guarantees that the right to trial by jury "shall remain inviolate." TEX. CONST. art. I, § 15. Given this inviolate right to a jury trial, trial courts cannot enjoy unfettered authority to order new trials. Therefore, the jurisprudence of the Supreme Court of Texas has evolved to more firmly secure Texans' constitutional right to a jury trial in the new trial context. *See In re Bent*, 487 S.W.3d at 175. In this effort, the Supreme Court of Texas has acknowledged that the authority of trial courts to order new trials is "not limitless." *See In re Columbia*, 290 S.W.3d at 210. At the very least, parties to a jury trial "are entitled to an understandable, reasonably specific explanation why their expectations

8

are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried." *Id.* at 213.

Importantly, a "trial court need not provide a detailed catalog of the evidence" in setting aside a jury's verdict and ordering a new trial. *See In re United Scaffolding*, 377 S.W.3d at 688. However, the trial court must "provide[] a cogent and reasonably specific explanation of the reasoning that led the court to conclude that a new trial was warranted." *Id.* For example, the Supreme Court of Texas has concluded that a "bare assertion that a new trial was 'in the interests of justice and fairness,'" amounts to "such a vague explanation in setting aside a jury verdict [and] does not enhance respect for the judiciary or the rule of law, detracts from transparency we strive to achieve in our legal system, and does not sufficiently respect the reasonable expectations of parties and the public when a lawsuit is tried to a jury." *See In re Bent*, 487 S.W.3d at 176 (internal quotations omitted).

The Supreme Court of Texas has identified examples of new trial orders which amount to an abuse of discretion, including when: (1) "the given reason, specific or not, is not one for which a new trial is legally valid," (2) "the articulated reasons plainly state that the trial court merely substituted its own judgment for the jury's," and (3) "the order, though rubber-stamped with a valid new-trial rationale, provides little or no insight into the judge's reasoning." *See In re United Scaffolding*, 377 S.W.3d at 688–89.

Here, the trial court stated that "for good cause and in the best interests of justice and fairness the jury['s] verdict should be set aside and a new trial granted." The trial court further stated that the jury's "verdict was against the great weight and preponderance of the evidence." While this language could be viewed as the type of "vague" language identified by the Supreme Court of Texas, we note that here, the trial court articulated three bases in support of its ruling:

a.     The [j]ury failed to provide instructions for completing the verdict certificate.  The [j]ury [was] provided the following Instructions in relevant part of the Charge of the Court on pages 8-9:

b.     The jury failed to characterize the marital property.  The verdict simply stated what the marital property was not without clearly characterizing the property.  *See attached Charge to the Jury as Exhibit A*.

c.     The [j]ury verdict d[id] not comport with the law.  The [j]ury's answers to the issues of characterization of marital property d[id] not overcome the community property presumption because the evidence or lack of evidence admitted undermine[d] the jury's findings.

The trial court then concluded that "[f]or the above reasons, the evidence supporting the [j]ury's finding [was] legally and factually insufficient to support the characterization of community assets in the just and right division of community property assets and liabilities."

While a trial court "need not provide a detailed catalog of the evidence" that served as the basis for setting aside the jury's verdict, the trial court must provide a "cogent and reasonably specific explanation" of its reasoning.  *See id.* at 687.  In

10

conducting a facial review of the trial court's reasoning here, we cannot conclude that the stated reasons are "cogent" or "reasonably specific."

For example, the first reason articulated by the trial court, that "[t]he [j]ury failed to provide instructions for completing the verdict certificate," is unclear and unexplained by the trial court. Based on the language of the trial court's order, it appears that the trial court concluded there was an issue with the jury instructions, but the trial court does not explain what the issue was in a cogent or understandable way. More importantly, the trial court did not explain why any such issue warranted setting aside the jury's verdict and ordering a new trial.

The trial court went on to state that "[t]he [j]ury [was] provided with the following Instructions in relevant part of the Charge of the Court on pages 8-9:." This statement is unclear, and further, the trial court's use of a colon at the end of the sentence implies that the trial court's statement was incomplete. Perhaps the trial court intended to quote language from a "relevant part" of the Instructions included in the jury charge. However, there is no additional language after the colon. It is unclear what "relevant part" of the Instructions provided to the jury was being referenced by the trial court, and, more directly, why that language was relevant to the trial court's decision to set aside the jury's verdict and order a new trial.

The second reason articulated by the trial court for setting aside the jury's verdict was that "[t]he jury failed to characterize the marital property," and instead

"simply stated what the marital property was not without clearly characterizing the property." While those statements, in and of themselves, are "cogent," the trial court did not provide "specific facts and circumstances of the case at hand [that] explain how the evidence (or lack of evidence) undermine[d] the jury's findings." *See id.* at 689. The trial court's order referenced no specific facts and failed to provide any explanation as to why the jury's failure to characterize the marital property required the trial court to set aside the jury's verdict and order a new trial.

Similarly, the trial court's third articulated reason for setting aside the jury's verdict, that "[t]he [j]ury verdict d[id] not comport with the law," also failed to identify "specific facts and circumstances of the case at hand [that] explain how the evidence (or lack of evidence) undermine[d] the jury's findings." *Id.* The trial court stated only that the "[j]ury's answers to the issues of characterization of marital property d[id] not overcome the community property presumption because the evidence or lack of evidence admitted undermine[d] the jury's findings." This explanation lacks clarity and reasonable specificity.

We note that reviewing courts are urged to consider "quality over quantity" when reviewing new-trial orders and should "focus not on the length or detail of the reasons a trial court gives" in new-trial orders, but instead "on how well those reasons serve the general purpose of assuring the parties that the jury's verdict was set aside only after careful thought and for valid reasons." *See In re Bent*, 487

S.W.3d at 176 (internal quotations omitted). However, we conclude that the trial court's stated reasons do not amount to a "cogent and reasonably specific explanation of the reasoning that led the court to conclude that a new trial was warranted." *See In re United Scaffolding*, 377 S.W.3d at 688.

The trial court's order failed to provide the litigants with "an understandable, reasonably specific explanation" for setting aside the jury's verdict and ordering a new trial. *See In re Columbia*, 290 S.W.3d at 213. We therefore conclude that the trial court has abused its discretion and Sanchez has no adequate remedy on appeal. *See id.* at 209. We conditionally grant Sanchez's mandamus petition to the extent she requests that the trial court vacate its March 2, 2023 "Motion to Set Aside Jury Verdict and Grant a New Trial."

We now turn to Sanchez's request that we direct the trial court to enter a final judgment on the jury's findings. We decline to grant such relief in this case. Because the basis of the trial court's order setting aside the jury's verdict and ordering a new trial is unclear, we are unable to determine whether Sanchez is entitled to that relief. *See In re United Scaffolding*, 377 S.W.3d at 690 ("The trial court's failure to properly state why it granted a new trial does not mandate a conclusion that it did not have a valid reason for doing so. And absent the trial court's having particularized its reason—or reasons—United would be entitled to

mandamus directing the trial court to render judgment on the verdict only if it showed no valid basis exists for the new-trial order.").

## Conclusion

We conclude that the trial court's "Motion to Set Aside Jury Verdict and Grant a New Trial" failed to provide the litigants with "an understandable, reasonably specific explanation" for setting aside the jury's verdict and ordering a new trial. *See In re Columbia Med.*, 290 S.W.3d at 213. Accordingly, we conditionally grant Sanchez's petition for writ of mandamus, in part, and direct the trial court to vacate the order. However, we deny Sanchez's request that we direct the trial court to enter a final judgment on the jury's findings. We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.


April Farris
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.