COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE: | § | No. 08-25-00098-CV |
| | § | |
| KA C. WONG, M.D., | § | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator Ka C. Wong, M.D. (Wong) has filed a petition seeking a writ of mandamus directing Respondent, the Honorable Patrick M. Garcia, Judge of the 384th District Court of El Paso County, Texas, to vacate his order granting a new trial on two grounds: (1) newly-discovered evidence; and (2) a finding that the jury's verdict was contradictory or against the great weight of the evidence.[1]

## I. BACKGROUND

Real party in interest, Deborah Yates Contreras (Yates), filed a medical negligence case against Wong, a practicing physician. Wong treated Yates for heart conditions including a right bundle branch block (RBBB), and an atrial fibrillation with a suspected pulmonary embolism (AFib). In doing so, he surgically placed an IVC filter to prevent further clotting and embolisms.

---

[1] The underlying case is styled *Deborah Yates Contreras v. Ka C. Wong, M.D.*, Cause No. 2018DCV0109.

In bringing suit, Yates alleged Wong acted negligently in one or more of the following ways: in placing the IVC filter without informing her of its risk; in failing to remove the filter; in failing to protect her from further complications; in failing to address any known or suspected embolisms; in failing to refer her to a competent cardiologist; in misdiagnosing her cardiac condition; and in failing to obtain her informed consent. Wong answered the suit by generally denying Yates's allegations and demanding strict proof of same. He also asserted several defenses including but not limited to contributory negligence, third-party liability, and pre-existing injury.

During a nearly weeklong jury trial, Yates, Wong, and other witnesses testified, including medical experts, and multiple exhibits were admitted into evidence including demonstrative aids. Admitted evidence included an IVC filter and catheter, and relevant manufacturer inserts recommending removal of the filter within 30 days of its placement. Among the witnesses, Mahammad Laiq Raja, M.D., testified that Yates had sought treatment from him about ten months after Wong had placed the IVC filter. He recommended removal of the filter. Although Raja tried to do so, he explained he was unsuccessful because it was stuck in position due to scarring.

At the close of trial, a jury returned a verdict favorable to Wong. Specifically, the jury found that, even though Wong had failed to adequately disclose to Yates certain risks and hazards associated with the placement of the filter, still a reasonable person would not have refused the treatment if those risks had been disclosed, and Yates was not injured by the occurrence of the risk or hazard of which she was not informed. Further, in answering whether the negligence, if any, of Wong or Yates proximately caused the injury in question, the jury answered "No" as to Wong, and "Yes" as to Yates. Last, the jury apportioned 0% responsibility to Wong and 100% responsibility to Yates and awarded no damages.

Yates timely filed a motion for new trial based primarily on the ground of newly-discovered evidence.[2] She alleged that prior to trial Wong had answered discovery and given deposition testimony, which he did not change or supplement. Yates next contends that Wong changed his trial testimony, providing new opinions "when it then was impossible for [Yates] to object or obtain further rebuttal information." Specifically, she claimed, "[r]ather than giving the jury a choice for assessing negligence against the Defendant Wrong or a subsequent treater Dr. Raja, [Yates] was forced to defend herself and her actions versus the actions of the physician expert doctors who were now together in their opinions." She urged the admission of Wong's "new evidence," was so material that it probably produced a different verdict at trial and without proper and timely supplementation, provided grounds for a new trial.

Wong responded in opposition on two grounds. First, he asserted he had never wavered from the outset of the case in urging that Yates "would have to answer for her own negligence," in failing to follow up with her physician as instructed. Second, he claimed, "[t]he fact that Dr. Wong at one time held misguided criticisms of Dr. Raja and subsequently withdrew them ha[d] no bearing on whether Dr. Wong was negligent." Wong explained that he never identified Raja as a responsible third party in response to Request for Disclosures, nor did he contend as such in any of his Answers to Interrogatories. Also, Wong pointed out that, during trial, he underwent hours of cross-examination by Yates's counsel about his withdrawn criticism of Raja.

The trial court granted the motion for new trial and issued a one-page order, stating in pertinent part:

> The Court, having fully considered the motion and response, and having heard the argument of counsel, is of the opinion that the motion should be granted.

---

[2] Yates's motion also includes a line asserting the jury verdict awarding no monetary damages met the criteria for ordering a new trial under Rule 320 of the Texas Rules of Civil Procedure. However, she does not provide any substantive argument or reasoning. Neither the trial court nor the parties addresses this singular remark included in Yates's motion.

IT IS THEREFORE ORDERED that the judgment rendered in this cause January 19, 2024, and the verdict of the jury on which the judgment was rendered, are set aside, and that the motion for new trial of this cause is GRANTED.

Based on that ruling, Wong sought mandamus relief from this Court, which we conditionally granted and addressed in a prior opinion. *In re Wong*, No. 08-24-00354-CV, 2024 WL 4983171, at *1 (Tex. App.—El Paso Dec. 4, 2024, orig. proceeding) (*Wong I*). We held the trial court had abused its discretion in granting a new trial without providing a meaningful reason. *Id*. In other words, we determined the trial court's new-trial order failed to satisfy facial sufficiency requirements for granting such relief. *See id.* at *3 (citing *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 299 (Tex. 2023) (orig. proceeding) and *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding)). We directed the trial court to vacate its order and enter a new order specifying the reason or reasons for its ruling. *Id.* at *4.

Afterward, the trial court issued Findings of Fact and Conclusions of Law, where it found and concluded as follows:

1. Plaintiff filed suit against the Defendant Wong who was served on January 9, 2018.

2. Defendant answered discovery on April 23, 2018. His responses were not supplemented.

3. Defendant was deposed on August 26, 2019. His deposition testimony was not supplemented.

4. Defendant Wong did not supplement his discovery responses nor his own expert opinions which he attempted to change at the time of trial.

5. The Defendant changed his expert opinion during trial concerning the causation of the injury to Plaintiff and failed to timely supplement.

6. Defendant Wong violated Rule 193.5(b) T.R.C.P. by not timely supplementing his discovery.

4

7. Defendant Wong violated Rule 192.3 T.R.C.P. by failing to timely supplement discovery concerning his expert opinions.

8. Defendant Wong violated Rule 195.6 T.R.C.P. by failing to timely supplement discovery. His new opinions were not timely disclosed.

9. There was no good cause for failing to timely supplement his discovery under Rule 193.6 T.R.C.P.

10. The new evidence testified to by Defendant Wong was untimely, prejudicial and could not be excluded.

11. The new testimony of Defendant Wong warranted a New Trial.

12. The jury verdict was contradictory and against the weight of the evidence.

Contained within the same instrument as these findings and conclusions, the trial court signed an order stating: "The Court in accordance with the Findings of Fact and Conclusions of Law granted the Plaintiff's Motion for New Trial." Based on that order, Wong returns to this Court seeking mandamus relief. Generally, he contends the trial court's new-trial order did not specify any reasons for which a new trial is legally appropriate.[3]

## II. STANDARD OF REVIEW

To obtain mandamus relief, a relator must generally satisfy two prongs: (1) show relator has no adequate remedy at law; and (2) establish the trial court committed a clear abuse of discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Because the Supreme Court of Texas has recognized that no adequate remedy is available when a trial court issues an erroneous order for new trial following a jury trial, the first

---

[3] During the pendency of this proceeding, Yates filed a motion for involuntary dismissal pursuant to Rule 42.3 of the Texas Rules of Appellate Procedure. The motion argues we lack jurisdiction to review the order complained of because it is neither a final judgment nor an appealable interlocutory order under § 51.014 of the Texas Civil Practice & Remedies Code. Yates maintains the grounds for new trial were "clearly briefed and argued," and the trial court had "absolute discretion" to grant a new trial as relief. Assuming without deciding that Rule 42.3 applies to this proceeding, we are not persuaded. As we pointed out in our prior opinion, the Texas Supreme Court has held that "the reasons articulated in a new trial order are subject to merits-based mandamus review." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 759 (Tex. 2013); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009). Accordingly, we deny Yates's motion for an involuntary dismissal of this proceeding.

prong is undoubtedly met based on the type of order at issue. *In re Columbia*, 290 S.W.3d at 210. We focus our inquiry, then, on the second prong of the well-established standard. The central question here is whether the record establishes the trial court clearly abused its discretion in granting a new trial.

## III. ABUSE OF DISCRETION

Although a trial court is afforded broad discretion in granting new trials, its discretion is not "limitless." *In re Columbia*, 290 S.W.3d at 210, 213; *see also* Tex. Const. art. 1, § 15 (right to trial by jury "shall remain inviolate"). Texas law well recognizes that "[j]ury trials are essential to our constitutionally provided method for resolving disputes when parties themselves are unable to do so." *In re Columbia*, 290 S.W.3d at 211 (citing Tex. Const. art. I, § 15, art. V, § 10). The Supreme Court has explained that "jurors whose lives were interrupted so they could serve, and the public that finances the judicial system and depends on its open operations to assure fair processes for dispute resolution," are entitled to know why a verdict was disregarded and overturned. *Id*. Parties, too, "are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried." *Id.* at 213.

Based on these concerns, a trial court must state a reason for granting a new trial in its order. *Id.* The trial court's "stated reason" must be (1) "legally appropriate," articulating a "well-defined legal standard," or a "defect that probably resulted in an improper verdict," and (2) "specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reason[] from the particular facts and circumstances from the case at hand." *In re Bent*, 487 S.W.3d 170, 175–76 (Tex. 2016) (quoting *In re United Scaffolding*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding). If the trial court's order granting a new trial

satisfies these facial requirements, courts are then required to "conduct a merits review of the bases for [the] new trial order" and "grant mandamus relief '[i]f the record does not support the trial court's rationale for ordering a new trial.'" *Id.* at 173 (quoting *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding)). In short, we follow a two-step process: first, we review the sufficiency of the trial court's stated reasons for granting a new trial; second, if the stated reasons are facially valid, we conduct a merits-based review of the reasons given. *In re United Scaffolding*, 377 S.W.3d at 688–89; *In re Toyota*, 407 S.W.3d at 749, 758.

## A. Facial validity

In *Wong 1*, we concluded the trial court's order—which merely stated it had considered the motion, response, and argument of counsel and determined that a new trial should be granted—was facially deficient for lacking specificity. *In re Wong*, 2024 WL 4983171, at \*3. After we granted conditional relief, the trial court issued a new order that granted a new trial "in accordance with the Findings of Fact and Conclusions of Law" included on the face of the order. Assuming without deciding that the findings and conclusions are incorporated into the order itself, we first consider whether the new-trial order meets facial requirements.[4]

In the first step of the two-step process, we consider whether the new trial order provides a clear explanation of why a jury verdict was set aside. *In re Columbia*, 290 S.W.3d at 213. The stated reason must be (1) "a reason for which a new trial is legally appropriate" and (2) "specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand." *In re United Scaffolding*, 377 S.W.3d at 688–89.

---

[4] No party raised an objection about the format of the new-trial order or the method used by the trial court to present its reasons.

Here, the order meets the first criteria by describing two grounds: (1) that newly discovered evidence not previously supplemented in discovery was admitted at trial, and the evidence was untimely, prejudicial and could not be excluded; and (2) that the jury verdict was contradictory to the greater weight of the evidence, which we construe as factual insufficiency. When properly supported, the grounds of newly-discovered evidence and factual insufficiency are legally appropriate for granting a new trial. *See In re Norton*, 598 S.W.3d 718, 725 (Tex. App.—Texarkana 2020, orig. proceeding) (stating factual sufficiency is a legally sound reasons to grant a new trial when the order also contains reasonably specific explanations of the trial court's reasoning); *In re Iftikhar Ahmed, P.A.*, No. 01-19-00584-CV, 2020 WL 894460, at *6 (Tex. App.—Houston [1st Dist.] Feb. 25, 2020, orig. proceeding) (stating newly discovered evidence can be a legally appropriate reason for granting a new trial).

As for the second criteria, we consider whether the trial court derived the articulated reasons from the facts and circumstances of the case at hand, and not from a pro forma template. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). The order must provide "an understandable, reasonably specific explanation" for the order. *In re Columbia*, 290 S.W.3d at 213. In reviewing the order, we focus "not on the length or detail of the reasons a trial court gives, but on how well those reasons serve the general purpose of assuring the parties that the jury's decision was set aside only after careful thought and for valid reasons." *In re United Scaffolding*, 377 S.W.3d at 688. "[T]he mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." *Id.* at 689. The trial court must explain how the evidence, or lack of evidence, undermined the jury's findings. *Id.* Here, the trial court articulated two reasons, which we now consider in reverse order.

As for factual insufficiency, the trial court's order fails to meet the required standard. The trial court's statement that the "verdict was contradictory and against the weight of the evidence" fails to explain how the evidence undermined the jury's findings. *See In re Bent*, 487 S.W.3d at 176 ("[A] new-trial order based on a factual-sufficiency review 'must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings.'"). The trial court provided no case-specific explanation or record-based detail. Therefore, the order did not meet the facial requirement on the first criteria alone and we need not determine whether the rationale was supported by the record. *See id.* at 180 ("It was not necessary to re-weigh the evidence . . . to conclude the trial court's claim [of factual insufficiency] is unsupported by the record.").

As for newly-discovered evidence, the trial court found that Wong changed his expert testimony concerning the causation of the injury to Yates and failed to timely supplement his discovery responses. Continuing, the trial court found that Wong's *changed testimony* constituted new evidence prejudicial to Yates. Considering the required criteria, we conclude the order is facially insufficient for failing to identify "specific facts and circumstances" qualifying as newly-discovered evidence. Although the order recites a legal basis, i.e., that Wong changed his opinion on causation, it provides no case-specific insight on how Wong's opinion changed, nor how it relied on newly discovered evidence. Yates acknowledged in her response that Wong was cross-examined about his testimony.

Without more depth or explanation, there is no reassurance here that the decision to set aside a jury verdict was made only after careful thought about the case and for valid reasons. *In re United Scaffolding*, 377 S.W.3d at 688. Accordingly, the order failed to meet the facial requirement for granting a new trial on the ground of newly-discovered evidence. *See In re Iftikhar Ahmed,*

*P.A.*, 2020 WL 894460, at *6 (finding new trial order that stated, "new evidence in the form of over forty autopsy photographs" and that the evidence is so material that it would probably produce a different result, was facially insufficient).

Ordinarily, when a new trial order fails to satisfy facial requirements, we need not conduct a merits review of the order. In such case, we may grant mandamus relief and direct the trial court to vacate its new trial order and issue a new order specifying its reasons for ordering a new trial. *See In re State*, No. 14-18-00773-CV, 2018 WL 5074536, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 18, 2018, orig. proceeding) (mem. op.) (per curiam). However, as we earlier described, we already granted that relief by our prior ruling, directing the trial court to specify its reasons for its ruling. *See In re Wong*, 2024 WL 4983171, at *4. To avoid further delay, then, we move to the second step of the two-step process to perform a merits review of a grant of new trial based on "newly discovered evidence."

### B. Merits review

Mandamus relief is proper "[i]f the record does not support the trial court's rationale for ordering a new trial." *In re Toyota*, 407 S.W.3d at 749. Here, the trial court stated that Wong violated rules of procedure by failing to supplement a change in his opinion and his testimony contained "newly discovered evidence." As we have already concluded, the trial court failed to identify and articulate what particular evidence was newly discovered and how it was not properly supplemented. From our review of Yates's motion for new trial, it is clear her complaint involved Wong's testimony regarding who he blamed for Yates's injury. Specifically, Yates argued she herself had deployed a trial strategy in which she intended to give the jury a choice for assessing negligence against either physician, Wong or Raja. She claims that, during Wong's pretrial deposition, he had criticized Raja's use of force during his attempt to remove the IVC filter. Yates

10

contended, however, that she was forced to change and modify her entire trial strategy due to Wong's changed opinion on the witness stand. She claimed he no longer criticized Raja, indicating he had since reviewed all of the medical records. Instead, Wong testified at trial that he believed Yates had been solely responsible for the injury she complained about because she had failed to appear for a regular office visit intended for him to remove the filter he earlier placed. Without proper supplementation of discovery, Yates claimed she was prejudiced by Wong's sudden change of testimony.

On merits review, we conclude the record does not support a finding of newly-discovered evidence. First, in Wong's most recent discovery responses, which were served over a year before the start of trial, he contended Yates had been contributorily negligent for failing to follow up as he had instructed. Further, Wong pleaded a contributory negligence defense in his pleaded answer. Accordingly, we conclude the trial court's finding that Wong failed to supplement his discovery responses regarding his criticism of Yates's conduct is unsupported by the record of the case.

Second, we conclude the record does not support a finding that Wong's trial testimony qualified as "newly-discovered evidence" as the term is defined. A party seeking a new trial on grounds of newly discovered evidence must demonstrate that "(1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted." *Waffle House*, 313 S.W.3d at 813. Yates asserted the "new evidence" of Wong criticizing her for her lack of compliance with his instruction had not come to light sooner, not because of any lack of diligence on her part, but due to Wong's late change of testimony. Further, she contended the evidence was not cumulative of other evidence

11

and the evidence was so material that it probably produced a different verdict. But we are not persuaded by these arguments.

The first element requires proof of the complained-of evidence coming to light *since* trial. *Id.* The record negates this element as Yates herself contends the evidence came to light *during* trial while Wong testified from the witness stand. *See Cook v. Monaghan Med. Corp.*, No. 01-19-00121-CV, 2020 WL 3422291, at *2 (Tex. App.—Houston [1st Dist.] June 23, 2020, no pet.) (mem. op.) ("Because it is undisputed that [the new-trial movant] received the transmittal email during trial, [he] has not established that he is entitled to a new trial based on newly discovered evidence.").

Even if Yates had met the first element, she also failed to demonstrate that the evidence was not cumulative of other evidence and that it probably produced a different result from the jury. *See Waffle House*, 313 S.W.3d at 813. Besides her conclusory statement, Yates fails to address how these elements were met. Rather, the record established that other experts testified consistent with Wong, asserting that Yates bore responsibility to comply with doctor's instructions on the timely removal of a filter, and Raja had not been negligent in attempting to remove it months afterwards when she did appear for treatment. Therefore, on merits review, we conclude the record does not support the trial court's finding that Wong's testimony amounted to newly-discovered evidence prejudicial to Yates.

For these reasons, we conclude the trial court abused its discretion in granting a new trial based on the basis of newly-discovered evidence.

## IV. CONCLUSION

For all the reasons above, we conclude that neither ground relied upon by the trial court in its order granting a new trial is both facially valid and supported by the record. We therefore

conditionally grant mandamus relief and direct the trial court to vacate its new-trial order and proceed in the normal course with the post-trial stages of litigation. We are confident the trial court will comply, and our writ will issue only if it does not.

GINA M. PALAFOX, Justice

July 22, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.